IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRIS CORPORATION,

    Plaintiff,

v.                        Case No. 6:07-CV-1819-ORL-28 KRS

FEDERAL EXPRESS CORPORATION,

    Defendant.
_____/

## COUNTER-DEFENDANT HARRIS CORPORATION'S REPLY TO COUNTER-CLAIMANT FEDERAL EXPRESS CORPORATION'S COUNTERCLAIMS

Plaintiff/Counter-Defendant Harris Corporation ("Harris"), through its undersigned counsel, responds to the consecutively-numbered paragraphs of Counter-Claimant/Defendant Federal Express Corporation's ("FedEx") Counterclaims as follows:

### THE PARTIES

1. Without knowledge, accordingly denied.

2. Admitted.

3. Admitted for jurisdictional purposes only with respect to the patents asserted in the Complaint.

4. Admitted.

5. Admitted.

### FIRST COUNTERCLAIM
### DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED PATENTS

6. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 5 as if fully set forth herein.

7.  Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Complaint, otherwise denied.

8.  Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## SECOND COUNTERCLAIM
## DECLARATION THE ASSERTED PATENTS ARE INVALID

9.  Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 8 as if fully set forth herein.

10. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Complaint, otherwise denied.

11. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 6,047,165

12. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 11 as if fully set forth herein.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

### FOURTH COUNTERCLAIM
### DECLARATORY JUDGMENT OF INVALIDITY OF
### U.S. PATENT NO. 6,047,165

17. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 16 as if fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

### FIFTH COUNTERCLAIM
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### U.S. PATENT NO. 6,308,045

21. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 20 as if fully set forth herein.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## SIXTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 6,308,045

26. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 25 as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

### First Affirmative Defense

There is no case or controversy with respect to FedEx's claims for declaratory judgment on U.S. Patent Nos. 6,047,165 and 6,308,045.

### Second Affirmative Defense

There is no subject matter jurisdiction with respect to FedEx's claims for declaratory judgment on U.S. Patent Nos. 6,047,165 and 6,308,045.

Respectfully submitted February 21, 2008.

          s/Ryan T. Santurri
          Brian R. Gilchrist
          Florida Bar No. 774065
          bgilchrist@addmg.com
          Ryan T. Santurri
          Florida Bar No. 0015698
          rsanturri@addmg.com
          ALLEN, DYER, DOPPELT, MILBRATH
           & GILCHRIST, P.A.
          255 South Orange Avenue, Suite 1401
          Post Office Box 3791
          Orlando, Florida  32802-3791
          Telephone:    407-841-2330
          Facsimile:     407-841-2343
          Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2008, I electronically filed the following using the Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

| | |
|---|---|
| J. Scott Anderson, Esquire | Marilyn G. Moran, Esquire |
| Jeffrey H. Brickman, Esquire | Baker & Hostetler, LLP |
| Charley F. Brown, Esquire | 200 South Orange Avenue, Suite 2300 |
| Robin L. Gentry, Esquire | Post Office Box 112 |
| Jason S. Jackson, Esquire | Orlando, Florida  32802-0112 |
| Lawrence K. Nodine, Esquire | |
| Sumner C. Rosenberg, Esquire | |
| Needle & Rosenberg, P.C. | |
| 999 Peachtree Street, Suite 1000 | |
| Atlanta, Georgia   30309 | |

          s/Ryan T. Santurri
          Ryan T. Santurri