**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HARRIS CORPORATION,

       Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

       Defendant.

Case No. 6:07-cv-1819-Orl-28 KRS

JURY TRIAL REQUESTED

FEDERAL EXPRESS CORPORATION,

       Counterclaim Plaintiff,

v.

HARRIS CORPORATION,

       Counterclaim Defendant.

**FEDERAL EXPRESS CORPORATION'S**
**ANSWER TO FIRST AMENDED COMPLAINT AND**
**FIRST AMENDED COUNTERCLAIMS**

      Federal Express Corporation, the Defendant and Counterclaim Plaintiff, by and

through its undersigned counsel, files this Answer to the First Amended Complaint filed

by Harris Corporation and files its First Amended Counterclaims, stating as follows:

**<u>DEFENSES</u>**

      In setting forth these defenses, Federal Express Corporation ("Federal Express")

does not intend to take on any burdens of proof it would not otherwise have.

771234

U.S. Patent Nos. 6,047,165 (the '165 patent), U.S. Patent No. 6,308,045 (the '045 patent), 6,104,914 (the '914 patent), 6,108,523 (the '523 patent), 6,154,636 (the '636 patent), 6,154,637 (the '637 patent), 6,173,159 (the '159 patent), 6,308,044 (the '044 patent), 6,775,545 (the '545 patent), and 6,990,319 (the '319 patent) are collectively referred to as "the Asserted Patents."

### First Defense

One or more of the Asserted Patents is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of the following:  35 U.S.C. §§ 101, 102, 103 and/or 112.

### Second Defense

Federal Express does not infringe any valid, enforceable claim of any of the Asserted Patents.  In addition, Federal Express has not directly infringed, contributed to infringement, or induced infringement of any valid, enforceable claim of the Asserted Patents, nor is Federal Express directly infringing, contributing to infringement or inducing infringement of any valid, enforceable claim of the Asserted Patents.

### Third Defense

Federal Express is informed and believes, and on that basis alleges that, by reason of the proceedings in the United States Patent and Trademark Office (USPTO) during the prosecution of the applications which resulted in one or more of the Asserted Patents, and by reason of the admissions and representations therein made by or on behalf of the applicant for one or more of the Asserted Patents, Harris Corporation

("Harris") is estopped from construing the claims of one or more of the Asserted Patents (even if this were otherwise possible) to cover and include any acts of Federal Express.

### Fourth Defense

Harris's claims are barred by the doctrine of laches and/or estoppel.

### Fifth Defense

Harris is not entitled to injunctive relief because any injury to Harris is not immediate or irreparable and Harris has an adequate remedy at law.

### Sixth Defense

Harris's Complaint fails to state a claim upon which relief can be granted.

### Seventh Defense

Each of the Asserted Patents is unenforceable due to inequitable conduct.

### ANSWER

In answer to the First Amended Complaint filed by Harris, Federal Express states as follows:

### Parties, Jurisdiction, and Venue

1.      Federal Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and, on that basis, denies each and every such allegation.

2.      In response to Paragraph 2 of the First Amended Complaint, Federal Express admits that Federal Express is a corporation organized and existing under the

laws of the state of Delaware.  Except as expressly admitted, Federal Express denies the allegations of Paragraph 2 of the First Amended Complaint.

3.      Federal Express denies each and every allegation of Paragraph 3 of the First Amended Complaint.

4.      Federal Express admits the allegations of Paragraph 4 of the First Amended Complaint.

5.      In response to Paragraph 5 of the First Amended Complaint, Federal Express admits that this Court has personal jurisdiction over Federal Express.  Except as expressly admitted, Federal Express denies the allegations of Paragraph 5 of the First Amended Complaint.

6.      In response to Paragraph 6 of the First Amended Complaint, Federal Express admits that venue is proper in this judicial district.

**Statement of Facts**

7.      In response to Paragraph 7 of the First Amended Complaint, Federal Express admits that on its face the '165 patent is entitled "Wireless Frequency-Agile Spread Spectrum Ground Link-Based Aircraft Data Communication System."  Federal Express further admits that on its face the '045 patent is entitled "Wireless Ground Link-Based Aircraft Data Communication System With Roaming Feature."  Federal Express further admits that on its face the '914 patent is entitled "Wireless Frequency-Agile Spread Spectrum Ground Link-Based Aircraft Data Communication System Having Adaptive Power Control."  Federal Express further admits that on its face the '523 patent is entitled "Wireless Frequency-Agile Spread Spectrum Ground Link-Based Aircraft Data

Communication System With Remote Flight Operations Control Center." Federal Express

further admits that on its face the '636 patent is entitled "System and Method of Providing

OOOI [Out, Off, On, In] Times of an Aircraft." Federal Express further admits that on its

face the '637 patent is entitled "Wireless Ground Link-Based Aircraft Data Communication

System with Roaming Feature." Federal Express further admits that on its face the '159

patent is entitled "Wireless Spread Spectrum Ground Link-Based Aircraft Data

Communication System for Updating Flight Management Files." Federal Express further

admits that on its face the '044 patent is entitled "System and Method of Providing OOOI

[Out, Off, On, In] Times of an Aircraft." Federal Express further admits that on its face the

'545 patent is entitled "Wireless Ground Link-Based Aircraft Data Communication System

with Roaming Feature." Federal Express further admits that on its face the '319 patent is

entitled "Wireless Ground Link-Based Aircraft Data Communication Method." Federal

Express further admits that a copy of each of the Asserted Patents was attached as Exhibit

A to the First Amended Complaint. Federal Express is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 7, and, on that basis, denies each and every such allegation.

8.     Federal Express denies each and every allegation of Paragraph 8 of the

First Amended Complaint.

9.     In response to Paragraph 9 of the First Amended Complaint, Federal

Express admits that Harris has not granted Federal Express a license to practice the

Asserted Patents. Federal Express denies each and every remaining allegation of

Paragraph 9 of the First Amended Complaint.

**Count I**

10.     Paragraph 10 of the First Amended Complaint requires no response.

11.     In response to paragraph 11 of the First Amended Complaint, Federal Express acknowledges that Harris alleges infringement of the Asserted Patents and seeks monetary damages and injunctive relief.  Federal Express expressly denies infringement and states that Harris is not entitled to monetary damages or injunctive relief.  Federal Express denies each and every remaining allegation of Paragraph 10 of the First Amended Complaint.

12.     Federal Express denies each and every allegation of Paragraph 12 of the First Amended Complaint.

13.     Federal Express denies each and every allegation of Paragraph 13 of the First Amended Complaint.

14.     Federal Express denies each and every allegation of Paragraph 14 of the First Amended Complaint.

## COUNTERCLAIMS

Federal Express Corporation ("Federal Express") files these Counterclaims against Harris Corporation ("Harris") and alleges as follows:

### The Parties

1.     Federal Express Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3610 Hacks Cross Road in Memphis, Tennessee.

2.      Harris Corporation is a corporation organized under the laws of the State

of Delaware, having its principal place of business at 1025 West NASA Boulevard, in

Melbourne, Florida.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over these counterclaims

pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because the counterclaims arise

under the patent statutes of the United States.

4.      This Court has personal jurisdiction over Harris Corporation.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## Count One:
### Counterclaim for a Declaration of Non-infringement of the First Eight Asserted Patents

6.      Federal Express re-alleges its allegations as set forth in Paragraphs 1-5.

7.      Based on Harris's filing of the Complaint and the First Amended

Complaint, an actual controversy has arisen and now exists between the parties as to

whether Federal Express infringes any claims of U.S. Patent Nos. 6,104,914 (the '914

patent), 6,108,523 (the '523 patent), 6,154,636 (the '636 patent), 6,154,637 (the

'637 patent), 6,173,159 (the '159 patent), 6,308,044 (the '044 patent), 6,775,545

(the '545 patent), and 6,990,319 (the '319 patent), collectively referred to as the

"First Eight Asserted Patents."

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et

seq.,* Federal Express requests a declaration from the Court that Federal Express does not

infringe any claim of the First Eight Asserted Patents, either directly or indirectly.

## Count Two:
## Counterclaim for a Declaration the First Eight Asserted Patents are Invalid

9.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-8.

10.    Based on Harris's filing of the Complaint and the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the First Eight Asserted Patents.

11.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the First Eight Asserted Patents are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 101, 102, 103, and/or 112.

## Count Three:
## Counterclaim for Declaratory Judgment of Non-infringement
## of U.S. Patent No. 6,047,165

12.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-11.

13.    Harris is the current assignee and owner of U.S. Patent No. 6,047,165 ("the '165 patent").

14.    An actual controversy between the parties has arisen and now exists as to whether Federal Express infringes any claims of the '165 patent because Harris filed the Complaint alleging infringement of five (5) patents that issued from continuation applications claiming priority to the '165 patent, and because the claims of the '165 patent recite elements similar to those recited in the claims of the five continuations. Furthermore, an actual controversy between the parties has arisen and now exists as to

whether Federal Express infringes any claims of the '165 patent because Harris filed

the First Amended Complaint alleging infringement of the '165 patent.

15.     All the circumstances show that there is a substantial controversy,

between parties with adverse interests, and this controversy has sufficient immediacy

and reality to warrant the issuance of a declaratory judgment.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et*

*seq.*, Federal Express requests a declaration from the Court that Federal Express does not

infringe any claim of U.S. Patent No. 6,047,165, either directly or indirectly.

**Count Four:**
**Counterclaim for Declaratory Judgment of Invalidity of U.S. Patent No. 6,047,165**

17.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-16.

18.     An actual controversy between the parties has arisen and now exists as to

the invalidity of the claims of the '165 patent because Harris filed the Complaint

alleging infringement of five (5) patents that issued from continuation applications

claiming priority to the '165 patent, and because the claims of the '165 patent recite

elements similar to those recited in the claims of the five continuations.  Furthermore,

an actual controversy between the parties has arisen and now exists as to the invalidity

of the claims of the '165 patent because Harris filed the First Amended Complaint

alleging infringement of the '165 patent.

19.     All the circumstances show that there is a substantial controversy,

between parties with adverse interests, and this controversy has sufficient immediacy

and reality to warrant the issuance of a declaratory judgment.

20.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,047,165 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

### Count Five:
### Counterclaim for Declaratory Judgment of Non-infringement
### of U.S. Patent No. 6,308,045

21.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-20.

22.     Harris is the current assignee and owner of U.S. Patent No. 6,308,045 ("the '045 patent").

23.     An actual controversy between the parties has arisen and now exists as to whether Federal Express infringes any claims of the '045 patent because Harris filed the Complaint alleging infringement of five (5) patents that issued from continuation applications claiming priority to the '165 patent, because the '045 patent likewise issued from a continuation application claiming priority to the '165 patent, and because the claims of the '045 patent recite elements similar to those recited in the claims of the five continuations. Furthermore, an actual controversy between the parties has arisen and now exists as to whether Federal Express infringes any claims of the '045 patent because Harris filed the First Amended Complaint alleging infringement of the '045 patent.

24.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,308,045, either directly or indirectly.

**Count Six:**
**Counterclaim for Declaratory Judgment of Invalidity of U.S. Patent No. 6,308,045**

26.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-25.

27.     An actual controversy between the parties has arisen and now exists as to the invalidity of the claims of the '045 patent because Harris filed the Complaint alleging infringement of five (5) patents that issued from continuation applications claiming priority to the '165 patent, because the '045 patent likewise issued from a continuation application claiming priority to the '165 patent, and because the claims of the '045 patent recite elements similar to those recited in the claims of the five continuations.  Furthermore, an actual controversy between the parties has arisen and now exists as to the invalidity of the claims of the '045 patent because Harris filed the First Amended Complaint alleging infringement of the '045 patent.

28.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,308,045  are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 101, 102, 103, and/or 112.

**Count Seven:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,047,165 due to Inequitable Conduct**

30.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-29.

31.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,047,165 (the '165 patent).

32.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '165 patent are unenforceable due to inequitable conduct and/or fraud.

34.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and U.S. Patent No. 5,463,656 ("the Polivka reference").

35.     At least as early as June 7, 1995, at least one of the named inventors of the '165 patent had actual knowledge of the Gatelink systems such as the ones disclosed in the 1991 AEEC Letter, the ARINC 632 reference, and the ARINC 751 reference.

36.     At least as early as July 20, 1995, at least one of the named inventors of the '165 patent had actual knowledge of ARINC 600 Series standards.

37.     At least as early as November 14, 1995, the applicants had actual knowledge of ARINC 700 Series standards, including ARINC Characteristic 717.

38.     At least as early as October 29, 1993, the applicants had actual knowledge of the Polivka reference, an application assigned to Harris Corporation but not disclosed to the USPTO.

39.     A reasonable examiner would consider the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and the Polivka reference to be important in deciding whether to allow the application to issue as a patent.  In addition, the information in these references creates a *prima facie* case of unpatentability of at least one claim of the '165 patent and is not cumulative as compared to the other information made of record in the application for the '165 patent.

40.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

41.     As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '165 patent was fraudulently obtained, rending all claims of the '165 unenforceable.

**Count Eight:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,308,045 due to Inequitable Conduct**

42.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-41.

43.     An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,408,045 (the '045 patent).

44.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '045 patent are unenforceable due to inequitable conduct and/or fraud.

46.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and U.S. Patent No. 5,445,347 ("the Ng reference").

47.     At least as early as June 7, 1995, at least one of the named inventors of the '045 patent had actual knowledge of the Gatelink systems such as the ones disclosed in the 1991 AEEC Letter, the ARINC 632 reference, and the ARINC 751 reference.

48.     At least as early as July 20, 1995, at least one of the named inventors of the '045 patent had actual knowledge of ARINC 600 Series standards.

49.     At least as early as November 14, 1995, the applicants had actual knowledge of ARINC 700 Series standards, including ARINC Characteristic 717.

50.     At least as early as July 1997, the applicants had actual knowledge of the Ng reference because it was mentioned by the USPTO examiner in an Office Action dated June 15, 1997, in the application that issued as the '165 patent.

51.     A reasonable examiner would consider the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and the Ng reference to be important in deciding whether to allow the application to issue as a patent.  In addition, the information in these references creates a *prima facie* case of unpatentability of at least one claim of the '045 patent and is not cumulative as compared to the other information made of record in the application for the '045 patent.

52.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

53.     As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '045 patent was fraudulently obtained, rending all claims of the '045 unenforceable.

**Count Nine:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,104,914 due**
**to Inequitable Conduct**

54.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-53.

55.     An actual controversy between the parties has arisen and now exists as to
the enforceability of the claims of U.S. Patent No. 6,104,914 (the '914 patent).

56.     All the circumstances show that there is a substantial controversy,
between parties with adverse interests, and this controversy has sufficient immediacy
and reality to warrant the issuance of a declaratory judgment.

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et
seq.,* Federal Express requests a declaration from the Court that the claims of the
'914 patent are unenforceable due to inequitable conduct and/or fraud.

58.     The applicants and/or other individuals, including the Plaintiff, Harris
Corporation, who were substantively involved with the preparation and prosecution of the
application that matured into the '914 patent intentionally failed to satisfy the duty of
candor and good faith to the USPTO during prosecution of the application, by conduct
including but not limited to the failure to disclose to the USPTO material prior art
references such as the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the
ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the
ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and
U.S. Patent No. 5,445,347 ("the Ng reference").

59.     At least as early as June 7, 1995, at least one of the named inventors of the '914 patent had actual knowledge of the Gatelink systems such as the ones disclosed in the 1991 AEEC Letter, the ARINC 632 reference, and the ARINC 751 reference.

60.     At least as early as July 20, 1995, at least one of the named inventors of the '914 patent had actual knowledge of ARINC 600 Series standards.

61.     At least as early as November 14, 1995, the applicants had actual knowledge of ARINC 700 Series standards, including ARINC Characteristic 717.

62.     At least as early as July 1997, the applicants had actual knowledge of the Ng reference because it was mentioned by the USPTO examiner in an Office Action dated June 15, 1997, in the application that issued as the '165 patent.

63.     A reasonable examiner would consider the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and the Ng reference to be important in deciding whether to allow the application to issue as a patent.  In addition, the information in these references creates a *prima facie* case of unpatentability of at least one claim of the '914 patent and is not cumulative as compared to the other information made of record in the application for the '914 patent.

64.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

65.     As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '914 patent was fraudulently obtained, rending all claims of the '914 unenforceable.

- 17 -

**Count Ten:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,108,523 due to Inequitable Conduct**

66.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-65.

67.     An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,108,523 (the '523 patent).

68.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of the '523 patent are unenforceable due to inequitable conduct and/or fraud.

70.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '523 patent intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and U.S. Patent No. 5,445,347 ("the Ng reference").

71.     At least as early as June 7, 1995, at least one of the named inventors of the '523 patent had actual knowledge of the Gatelink systems such as the ones disclosed in the 1991 AEEC Letter, the ARINC 632 reference, and the ARINC 751 reference.

72.     At least as early as July 20, 1995, at least one of the named inventors of the '523 patent had actual knowledge of ARINC 600 Series standards.

73.     At least as early as November 14, 1995, the applicants had actual knowledge of ARINC 700 Series standards, including ARINC Characteristic 717.

74.     At least as early as July 1997, the applicants had actual knowledge of the Ng reference because it was mentioned by the USPTO examiner in an Office Action dated June 15, 1997, in the application that issued as the '165 patent.

75.     A reasonable examiner would consider the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and the Ng reference to be important in deciding whether to allow the application to issue as a patent.  In addition, the information in these references creates a *prima facie* case of unpatentability of at least one claim of the '523 patent and is not cumulative as compared to the other information made of record in the application for the '523 patent.

76.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

77.     As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '523 patent was fraudulently obtained, rending all claims of the '523 unenforceable.

**Count Eleven:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,154,637 due to Inequitable Conduct**

78.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-77.

79.     An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,154,637 (the '637 patent).

80.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

81.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of the '637 patent are unenforceable due to inequitable conduct and/or fraud.

82.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '637 patent intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and U.S. Patent No. 5,445,347 ("the Ng reference").

83.     At least as early as June 7, 1995, at least one of the named inventors of the '637 patent had actual knowledge of the Gatelink systems such as the ones disclosed in the 1991 AEEC Letter, the ARINC 632 reference, and the ARINC 751 reference.

84.     At least as early as July 20, 1995, at least one of the named inventors of the '637 patent had actual knowledge of ARINC 600 Series standards.

85.     At least as early as November 14, 1995, the applicants had actual knowledge of ARINC 700 Series standards, including ARINC Characteristic 717.

86.     At least as early as July 1997, the applicants had actual knowledge of the Ng reference because it was mentioned by the USPTO examiner in an Office Action dated June 15, 1997, in the application that issued as the '165 patent.

87.     A reasonable examiner would consider the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and the Ng reference to be important in deciding whether to allow the application to issue as a patent.  In addition, the information in these references creates a *prima facie* case of unpatentability of at least one claim of the '637 patent and is not cumulative as compared to the other information made of record in the application for the '637 patent.

88.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

89.     As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '637 patent was fraudulently obtained, rending all claims of the '637 unenforceable.

**Count Twelve:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,775,545 due to Inequitable Conduct**

90.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-89.

91.     An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,775,545 (the '545 patent).

92.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

93.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '545 patent are unenforceable due to inequitable conduct and/or fraud.

94.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '545 patent intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to:

        (a)     the failure to disclose to the USPTO the existence of co-pending and related U.S. applications; specifically, the application that issued as the '319 patent;

        (b)     the failure to disclose to the USPTO the existence of a co-pending and related foreign application;

(c)     the failure to submit to the USPTO a copy of the EPO

Decision of the Opposition Division, dated March 31, 2003; and

(d)     the failure to submit to the USPTO a copy of the EPO

Board of Appeals Decision dated July 20, 2004.

95.     At least as early as June 2001, the applicants had actual knowledge of the

filing of a Notice of Opposition filed on or about May 30, 2001, seeking to revoke

European Patent No. EP-B-0774724 ("the EP patent").  The Plaintiff, Harris Corporation,

was the Proprietor of the EP patent, which claimed the benefit and priority of the

application that issued as the '165 patent in the U.S.

96.     At least as early as April 2003, the applicants had actual knowledge of the

EPO Decision of the Opposition Division because it was issued March 31, 2003, and it

revoked the EP patent.

97.     At least as early as August 2004, the applicants had actual knowledge of

the EPO Board of Appeals Decision because it was issued July 20, 2004, and it also

revoked the EP patent.

98.     A reasonable examiner would consider the EPO Decision of the

Opposition Division, and the EPO Board of Appeals Decision to be important in deciding

whether to allow the application to issue as a patent.  In addition, the information in these

references creates a *prima facie* case of unpatentability of at least one claim of the '545

patent and is not cumulative as compared to the other information made of record in the

application for the '545 patent.

- 23 -

99.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

100.     As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '545 patent was fraudulently obtained, rending all claims of the '545 unenforceable.

**Count Thirteen:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,990,319 due to Inequitable Conduct**

101.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-100.

102.     An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,990,319 (the '319 patent).

103.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

104.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '319 patent are unenforceable due to inequitable conduct and/or fraud.

105.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '319 patent intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to:

(a)     the failure to disclose to the USPTO the existence of co-pending and related U.S. applications; specifically, the application that issued as the '319 patent;

(b)     the failure to disclose to the USPTO the existence of a co-pending and related foreign application;

(c)     the failure to submit to the USPTO a copy of the EPO Decision of the Opposition Division, dated March 31, 2003; and

(d)     the failure to submit to the USPTO a copy of the EPO Board of Appeals Decision dated July 20, 2004.

106.    At least as early as June 2001, the applicants had actual knowledge of the filing of a Notice of Opposition filed on or about May 30, 2001, seeking to revoke European Patent No. EP-B-0774724 ("the EP patent").  The Plaintiff, Harris Corporation, was the Proprietor of the EP patent, which claimed the benefit and priority of the application that issued as the '165 patent in the U.S.

107.    At least as early as April 2003, the applicants had actual knowledge of the EPO Decision of the Opposition Division because it was issued March 31, 2003, and it revoked the EP patent.

108.    At least as early as August 2004, the applicants had actual knowledge of the EPO Board of Appeals Decision because it was issued July 20, 2004, and it also revoked the EP patent.

109.    A reasonable examiner would consider the EPO Decision of the Opposition Division, and the EPO Board of Appeals Decision to be important in deciding

whether to allow the application to issue as a patent.  In addition, the information in these references creates a *prima facie* case of unpatentability of at least one claim of the '319 patent and is not cumulative as compared to the other information made of record in the application for the '319 patent.

110.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

111.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '319 patent was fraudulently obtained, rending all claims of the '319 unenforceable.

**Count Fourteen:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,154,636 due to Inequitable Conduct**

112.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-111.

113.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,154,636 (the '636 patent).

114.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

115.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '636 patent are unenforceable due to inequitable conduct and/or fraud.

116.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '636 patent intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO the existence of co-pending U.S. applications in the same area of technology; specifically, the applications that issued as the '165, '914, '523, '637, and '045 patents.

117.    A reasonable examiner would consider the co-pending applications in the same area of technology to be important in deciding whether to allow the application to issue as a patent. In addition, the information in these references creates a *prima facie* case of unpatentability of at least one claim of the '636 patent and is not cumulative as compared to the other information made of record in the application for the '636 patent.

118.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

119.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '636 patent was fraudulently obtained, rending all claims of the '636 unenforceable.

**Count Fifteen:**
**Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,308,044 due to Inequitable Conduct**

120.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-119.

121.     An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,308,044 (the '044 patent).

122.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

123.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '044 patent are unenforceable due to inequitable conduct and/or fraud.

124.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '044 patent intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO the existence of co-pending U.S. applications in the same area of technology; specifically, the applications that issued as the '165, '914, '523, '637, and '045 patents.

125.     A reasonable examiner would consider the co-pending applications in the same area of technology to be important in deciding whether to allow the application to issue as a patent. In addition, the information in these references creates a *prima facie*

case of unpatentability of at least one claim of the '044 patent and is not cumulative as compared to the other information made of record in the application for the '044 patent.

126.   The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

127.   As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '044 patent was fraudulently obtained, rending all claims of the '044 unenforceable.

## Count Sixteen:
## Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,173,159 due to Inequitable Conduct

128.   Federal Express re-alleges its allegations as set forth in Paragraphs 1-127.

129.   An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,173,159 (the '159 patent).

130.   All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

131.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '159 patent are unenforceable due to inequitable conduct and/or fraud.

132.   The applicants and/or other individuals, including the Plaintiff, Harris Corporation, who were substantively involved with the preparation and prosecution of the application that matured into the '159 patent intentionally failed to satisfy the duty of

candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO the existence of co-pending U.S. applications in the same area of technology; specifically, the applications that issued as the '165, '914, '523, '637, and '045 patents.

133.   A reasonable examiner would consider the co-pending applications in the same area of technology to be important in deciding whether to allow the application to issue as a patent.  In addition, the information in these references creates a *prima facie* case of unpatentability of at least one claim of the '159 patent and is not cumulative as compared to the other information made of record in the application for the '159 patent.

134.   The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

135.   As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '159 patent was fraudulently obtained, rending all claims of the '159 unenforceable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Federal Express demands a trial by jury of this action, including the Counterclaims.

### PRAYER FOR RELIEF

WHEREFORE, Federal Express prays for a judgment that:

A.   Dismisses the Complaint with prejudice, with Harris taking nothing;

B.      Declares that Federal Express has not directly or indirectly infringed

U.S. Patent Nos. 6,104,914; 6,108,523; 6,154,636; 6,154,637; 6,173,159; 6,308,044;

6,775,545; 6,990,319; 6,047,165 and 6,308,045;

C.      Declares that U.S. Patent Nos. 6,104,914; 6,108,523; 6,154,636;

6,154,637; 6,173,159; 6,308,044; 6,775,545; 6,990,319; 6,047,165 and 6,308,045 are

invalid;

D.      Declares that U.S. Patent Nos. 6,104,914; 6,108,523; 6,154,636;

6,154,637; 6,173,159; 6,308,044; 6,775,545; 6,990,319; 6,047,165 and 6,308,045 are

unenforceable due to inequitable conduct;

E.      Determines this to be an exceptional case under 35 U.S.C. § 285 and

awards to Federal Express its reasonable attorneys' fees and costs of suit incurred in this

action; and

F.      Grants to Federal Express such other and further relief as the Court may

deem just and proper.

Dated this, the ___8th___ day of April, 2008.

Respectfully submitted,

Lawrence K. Nodine, Trial Counsel
Georgia Bar No. 545250
lnodine@needlerosenberg.com
J. Scott Anderson
Georgia Bar No. 017266
Florida Bar No. 115053 (inactive)
sanderson@needlerosenberg.com
Robin L. Gentry
Georgia Bar No. 289889
rgentry@needlerosenberg.com
Jeffrey H. Brickman

- 31 -

Georgia Bar No. 080432
jbrickman@needlerosenberg.com
Jason S. Jackson
Georgia Bar No. 141234
jjackson@needlerosenberg.com
Sumner C. Rosenberg
Georgia Bar No. 614550
srosenberg@needlerosenberg.com
Charley F. Brown
Georgia Bar No. 086754
cbrown@needlerosenberg.com
NEEDLE & ROSENBERG, P.C.
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309
Telephone 678-420-9300
Fax 678-420-9301

Marilyn G. Moran
Florida Bar No. 0163813
mmoran@bakerlaw.com
BAKER & HOSTETLER, LLP
P.O. Box 112
Orlando, Florida  32802-0112
Telephone 407-649-4000
Fax 407-841-0168

ATTORNEYS FOR
FEDERAL EXPRESS CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April ___8___, 2008, I electronically filed the foregoing, FEDERAL EXPRESS CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS, with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the Plaintiff:

> Brian R. Gilchrist, Esq.
> Ryan T. Santurri, Esq.
> Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
> 225 South Orange Avenue, Suite 1401
> P.O. Box 3791
> Orlando, Florida  32802-3791

> _____
> J. Scott Anderson
> NEEDLE & ROSENBERG, P.C.
> 999 Peachtree Street, Suite 1000
> Atlanta, Georgia 30309
> Telephone 678-420-9300
> Fax 678-420-9301

> ATTORNEYS FOR
> FEDERAL EXPRESS CORPORATION