IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRIS CORPORATION,

    Plaintiff,

v.                                                 Case No. 6:07-CV-1819-ORL-28 KRS

FEDERAL EXPRESS CORPORATION,        JURY TRIAL REQUESTED

    Defendant.
_____/

FEDERAL EXPRESS CORPORATION,

    Counter-claimant,

v.

HARRIS CORPORATION,

    Counter-defendant.
_____/

### COUNTER-DEFENDANT HARRIS CORPORATION'S REPLY TO COUNTER-CLAIMANT FEDERAL EXPRESS CORPORATION'S AMENDED COUNTERCLAIMS

Plaintiff/Counter-Defendant Harris Corporation ("Harris"), through its undersigned counsel, responds to the consecutively-numbered paragraphs of Counter-Claimant/Defendant Federal Express Corporation's ("FedEx") Amended Counterclaims as follows:

### THE PARTIES

1.    Without knowledge, accordingly denied.

2.    Admitted.

3.    Admitted for jurisdictional purposes only with respect to the patents asserted in the Complaint.

1

4. Admitted.

5. Admitted.

## FIRST COUNTERCLAIM
## DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED PATENTS

6. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 5 as if fully set forth herein.

7. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

8. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## SECOND COUNTERCLAIM
## DECLARATION THE ASSERTED PATENTS ARE INVALID

9. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 8 as if fully set forth herein.

10. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

11. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 6,047,165

12. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 11 as if fully set forth herein.

13. Admitted.

14. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

15. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

16. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## FOURTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 6,047,165

17. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 16 as if fully set forth herein.

18. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

19. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

20. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

FIFTH COUNTERCLAIM
DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
U.S. PATENT NO. 6,308,045

21. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 20 as if fully set forth herein.

22. Admitted.

23. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied..

24. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied..

25. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

SIXTH COUNTERCLAIM
DECLARATORY JUDGMENT OF INVALIDITY OF
U.S. PATENT NO. 6,308,045

26. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 25 as if fully set forth herein.

27. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied..

28. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

29. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

SEVENTH COUNTERCLAIM
DECLARATION OF UNENFORCEABILITY OF
OF U.S. PATENT NO. 6,047,165 DUE TO INEQUITABLE CONDUCT

30. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 29 as if fully set forth herein.

31. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

32. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

33. Denied.

34. Admitted Harris was involved in the preparation and prosecution of the application that matured into the '165 patent, otherwise denied.

35. Denied as framed.

36. Denied as framed.

37. Denied as framed.

38. Denied as framed.

39. Denied.

40. Denied.

41. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

### EIGHTH COUNTERCLAIM
### DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 6,308,045 DUE TO INEQUITABLE CONDUCT

42. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 41 as if fully set forth herein.

43. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

44. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

45. Denied.

46. Admitted that Harris was involved in the preparation and prosecution of the application that matured into the '045 Patent. Otherwise, denied.

47. Denied as framed.

48. Denied as framed.

49. Denied as framed.

50. Denied as framed.

51. Denied.

52. Denied.

53. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## NINTH COUNTERCLAIM
## DECLARATION OF UNENFORCEABILITY OF
## U.S. PATENT NO. 6,104,914 DUE TO INEQUITABLE CONDUCT

54. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 53 as if fully set forth herein.

55. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

56. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

57. Denied.

58. Admit that Harris was involved in the preparation and prosecution of the application that matured into the '914 Patent, otherwise denied.

59. Denied as framed.

60. Denied as framed.

61. Denied as framed.

62. Denied as framed.

63. Denied.

64. Denied.

65. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## TENTH COUNTERCLAIM
## DECLARATION OF UNENFORCEABILITY OF
## U.S. PATENT NO. 6,108,523 DUE TO INEQUITABLE CONDUCT

66. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 65 as if fully set forth herein.

67. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

68. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

69. Denied.

70. Admit that Harris was involved in the preparation and prosecution of the application that matured into the '523 Patent, otherwise, denied.

71. Denied as framed.

72. Denied as framed.

73. Denied as framed.

74. Denied as framed.

75. Denied.

76. Denied.

77. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## ELEVENTH COUNTERCLAIM
## DECLARATION OF UNENFORCEABILITY OF
## U.S. PATENT NO. 6,154,637 DUE TO INEQUITABLE CONDUCT

78. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 77 as if fully set forth herein.

79. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

80. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

81. Denied.

82. Admit that Harris was involved in the preparation and prosecution of the application that matured into the '637 Patent, otherwise denied.

83. Denied as framed.

84. Denied as framed.

85. Denied as framed.

86. Denied as framed.

87. Denied.

88. Denied.

89. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

TWELFTH COUNTERCLAIM
DECLARATION OF UNENFORCEABILITY OF
U.S. PATENT NO. 6,775,545 DUE TO INEQUITABLE CONDUCT

90. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 89 as if fully set forth herein.

91. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

92. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

93. Denied.

94. Admitted that Harris was involved with the preparation and prosecution of the application that matured into the '545 Patent; otherwise, denied.

95. Admitted.

96. Admit.

97. Admit.

98. Denied.

99. Denied.

100. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

THIRTEENTH COUNTERCLAIM
DECLARATION OF UNENFORCEABILITY OF
U.S. PATENT NO. 6,990,319 DUE TO INEQUITABLE CONDUCT

101. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 100 as if fully set forth herein.

102.   Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

103.   Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

104.   Denied.

105.   Admit that Harris was involved with the preparation and prosecution of the application that matured into the '319 Patent, otherwise denied.

106.   Admit.

107.   Admit.

108.   Admit.

109.   Denied.

110.   Denied.

111.   Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

FOURTEENTH COUNTERCLAIM
DECLARATION OF UNENFORCEABILITY OF
U.S. PATENT NO. 6,154,636 DUE TO INEQUITABLE CONDUCT

112.   Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 111 as if fully set forth herein.

113.   Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

114.   Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

115. Denied.

116. Admit that Harris was involved with the preparation and prosecution of the application that matured into the '636 Patent, otherwise denied.

117. Denied.

118. Denied.

119. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

## FIFTEENTH COUNTERCLAIM
## DECLARATION OF UNENFORCEABILITY OF
## U.S. PATENT NO. 6,308,044 DUE TO INEQUITABLE CONDUCT

120. Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 119 as if fully set forth herein.

121. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

122. Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

123. Denied.

124. Admit that Harris was involved with the preparation and prosecution of the application that matured into the '636 Patent, otherwise denied.

125. Denied.

126. Denied.

127. Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

### SIXTEENTH COUNTERCLAIM
### DECLARATION OF UNENFORCEABILITY OF
### U.S. PATENT NO. 6,173,159 DUE TO INEQUITABLE CONDUCT

128.   Harris incorporates and re-alleges each of its responses to Paragraphs 1 through 127 as if fully set forth herein.

129.   Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

130.   Admitted that an actual case or controversy exists between the parties as to the patents asserted in the Amended Complaint, otherwise denied.

131.   Denied.

132.   Admit that Harris was involved with the preparation and prosecution of the application that matured into the '159 Patent, otherwise denied.

133.   Denied.

134.   Denied.

135.   Denied.

Wherefore, Harris respectfully requests this Court enter an Order that FedEx take nothing on its Counterclaim, awarding Harris its reasonable attorneys' fees and costs associated with this claim, and such other relief as is just and proper.

### AFFIRMATIVE DEFENSES

<u>First Affirmative Defense</u>

FedEx fails to state a cause of action for inequitable conduct.

REQUEST FOR TRIAL BY JURY

Plaintiff/Counter-Defendant Harris Corporation reaffirms its request for trial by jury.

Respectfully submitted April 22, 2008.

                                          s/Ryan T. Santurri
                                          Brian R. Gilchrist
                                          Florida Bar No. 774065
                                          bgilchrist@addmg.com
                                          Ryan T. Santurri
                                          Florida Bar No. 0015698
                                          rsanturri@addmg.com
                                          ALLEN, DYER, DOPPELT, MILBRATH
                                             & GILCHRIST, P.A.
                                          255 South Orange Avenue, Suite 1401
                                          Post Office Box 3791
                                          Orlando, Florida  32802-3791
                                          Telephone:    407-841-2330
                                          Facsimile:    407-841-2343
                                          Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2008, I electronically filed the foregoing document using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

| | |
|---|---|
| J. Scott Anderson, Esquire | Marilyn G. Moran, Esquire |
| Jeffrey H. Brickman, Esquire | Baker & Hostetler, LLP |
| Charley F. Brown, Esquire | 200 South Orange Avenue, Suite 2300 |
| Robin L. Gentry, Esquire | Post Office Box 112 |
| Jason S. Jackson, Esquire | Orlando, Florida  32802-0112 |
| Lawrence K. Nodine, Esquire | |
| Sumner C. Rosenberg, Esquire | |
| Needle & Rosenberg, P.C. | |
| 999 Peachtree Street, Suite 1000 | |
| Atlanta, Georgia   30309 | |

                                          s/Ryan T. Santurri
                                          Ryan T. Santurri