IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRIS CORPORATION,
a Delaware corporation,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,
a Delaware corporation,

    Defendant.
_____/

Case No. 6:07-CV-1819-ORL-28 KRS

INJUNCTIVE RELIEF
JURY TRIAL REQUESTED

FEDERAL EXPRESS CORPORATION,

    Counter-Plaintiff,

v.

HARRIS CORPORATION,

    Counter-Defendant.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff Harris Corporation ("Harris"), through its undersigned counsel, for its Second Amended Complaint against Defendant Federal Express Corporation ("FedEx"), states:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Harris is a Delaware corporation conducting business in this Judicial District and Division and having its principal place of business at 1025 West NASA Boulevard, Melbourne, Florida.

2. Defendant Federal Express ("FedEx") is a Delaware corporation which provides courier and/or delivery services in the United States, including within this Judicial District and Division.

3. Upon information and belief, FedEx infringes Harris' patents in the United States, including in Florida.

4. This is an action arising under the patent laws of the United States. This Court has jurisdiction over the subject matter of this action as to FedEx pursuant to 28 U.S.C. §§1331 and 1338(a).

5. This Court has *in personam* jurisdiction as to FedEx because, upon information and belief, FedEx is subject to both general and specific jurisdiction in this state and judicial division. Moreover, FedEx upon information and belief, regularly conducts, engages in, or carries on a regular and established business or business venture in this state and engages in substantial and not isolated activity within this state. Upon information and belief, FedEx uses systems or performs methods that infringe one or more claims of Harris' patents in Florida, causing injury in Florida.

6. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§1391(c) and 1400(b).

## STATEMENT OF FACTS

7. Harris is the sole and exclusive owner of all rights, title, and interest to the following valid and enforceable United States Patents (collectively, the "Patents-in-Suit"):

| PATENT NO. | TITLE |
|---|---|
| 6,047,165 ("the '165 Patent") | Wireless, Frequency-Agile Spread Spectrum Ground Link-Based Aircraft Data Communication System |
| 6,104,914 ("the '914 Patent") | Wireless Frequency-Agile Spread Spectrum Ground Link-Based Aircraft Data Communication System Having Adaptive Power Control |
| 6,154,637 ("the '637 Patent") | Wireless Ground Link-Based Aircraft Data Communication System with Roaming Feature |
| 6,308,045 ("the '045 Patent") | Wireless Ground Link-Based Aircraft Data Communication System With Roaming Feature |
| 6,990,319 ("the '319 Patent") | Wireless, Ground Link-Based Aircraft Data Communication Method |
| 7,426,387 ("the '387 Patent") | Wireless, Ground Link-Based Aircraft Data Communication System with Roaming Feature |
| 7,428,412 ("the '412 Patent") | Wireless, Ground Link-Based Aircraft Data Communication System with Roaming Feature |
| 7,444,146 ("the '146 Patent") | Wireless, Ground Link-Based Aircraft Data Communication system with Roaming Feature |

True and correct copies of the Patents-in-Suit are attached hereto as Exhibit A.

8.     Upon information and belief, FedEx has used, in the United States and in this Judicial District, systems or methods that directly or indirectly infringe upon one or more claims of the Patents-in-Suit.

9.     Harris has not granted FedEx a license to practice the Patents-in-Suit in the accused applications.

COUNT I
Action for Infringement of the Patents-in-Suit

10. Harris herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 9 herein.

11. Count I is an action by Harris against FedEx for monetary damages and injunctive relief for FedEx's infringement of the Patents-in-Suit.

12. Upon information and belief, FedEx has utilized and continues to utilize systems or methods that infringe directly, by inducement and/or contributorily, one or more claims of the Patents-in-Suit.

13. FedEx's acts of infringement have caused damage to Harris, and Harris is entitled to recover compensatory damages sustained as a result of FedEx's wrongful acts. Upon information and belief, FedEx will continue to infringe the Patents-in-Suit, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

14. Upon information and belief, FedEx lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. FedEx's infringement is, therefore, willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiff Harris prays this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide Harris with the following requested relief:

A. A preliminary and then permanent injunction enjoining FedEx from infringing each of the Patents-in-Suit;

  B. A Judgment that Defendant infringes one or more claims of the Patents-in-Suit.

  C. An award of damages against FedEx under 35 U.S.C. §284 in an amount adequate to compensate Harris for FedEx's infringement, but in no event less than a reasonable royalty for the use made by FedEx of the inventions set forth in the Patents-in-Suit, together with pre-Judgment interest;

  D. An award against FedEx for exemplary damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

  E. Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Harris requests a trial by jury as to all matters so triable.

Respectfully submitted March 27, 2009.

      /s/Brian R. Gilchrist
      Brian R. Gilchrist, Esq.
      Florida Bar No. 774065
      bgilchrist@addmg.com
      Ryan T. Santurri, Esq.
      Florida Bar No. 0015698
      rsanturri@addmg.com
      ALLEN, DYER, DOPPELT, MILBRATH
       & GILCHRIST, P.A.
      255 South Orange Avenue, Suite 1401
      Post Office Box 3791
      Orlando, Florida   32802-3791
      Telephone No.: 407-841-2330
      Facsimile No.: 407-841-2343
      Counsel for Plaintiff

CERTIFICATE OF SERVICE

   I hereby certify that on March 27, 2009, I electronically filed the foregoing document using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

TRIAL COUNSEL FOR DEFENDANT:

J. Scott Anderson, Esq. (andersonjs@ballardspahr.com)
Jeffrey H. Brickman, Esq. (brickmanj@ballardspahr.com)
Charley F. Brown, Esq. (browncf@ballardspahr.com)
Robin L. Gentry, Esq. (gentryr@ballardspahr.com)
Lawrence K. Nodine, Esq. (nodinel@ballardspahr.com)
Sumner C. Rosenberg, Esq. (rosenbergs@ballardspahr.com)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP.
999 Peachtree Street, Suite 1000
Atlanta, GA  30309

LOCAL COUNSEL FOR DEFENDANT:

Marilyn G. Moran, Esq. (mmoran@bakerlaw.com)
BAKER & HOSTETLER, LLP
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, FL  32802-0112

                 s/Brian R. Gilchrist
                 Brian R. Gilchrist