## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HARRIS CORPORATION,

     Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

     Defendant.

Case No. 6:07-cv-1819-Orl-28 KRS

JURY TRIAL REQUESTED

FEDERAL EXPRESS CORPORATION,

     Counterclaim Plaintiff,

v.

HARRIS CORPORATION,

     Counterclaim Defendant.

### FEDERAL EXPRESS CORPORATION'S ANSWER TO HARRIS CORPORATION'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND SECOND AMENDED COUNTERCLAIMS

Federal Express Corporation, the Defendant and Counterclaim Plaintiff, by and through its undersigned counsel, files this Answer to the Second Amended Complaint, its Affirmative Defenses, and its Second Amended Counterclaims, stating as follows:

### AFFIRMATIVE DEFENSES

In setting forth these defenses, Federal Express Corporation ("Federal Express") does not intend to take on any burdens of proof it would not otherwise have.

918887

**First Defense**

Harris Corporation ("Harris") has neither sought nor obtained leave of court to file the Second Amended Complaint (Doc. 75) that was filed on March 27, 2009.

**Second Defense**

Federal Express does not infringe any valid, enforceable claim of any of the "Patents In Suit," which include:

(1)     U.S. Patent No. 6,047,165 (the '165 patent);

(2)     U.S. Patent No. 6,104,914 (the '914 patent);

(3)     U.S. Patent No. 6,154,637 (the '637 patent);

(4)     U.S. Patent No. 6,308,045 (the '045 patent);

(5)     U.S. Patent No. 6,990,319 (the '319 patent);

(6)     U.S. Patent No. 6,108,523 (the '523 patent);

(7)     U.S. Patent No. 6,775,545 (the '545 patent);

(8)     U.S. Patent No. 6,154,636 (the '636 patent);

(9)     U.S. Patent No. 6,308,044 (the '044 patent);

(10)    U.S. Patent No. 6,173,159 (the '159 patent);

(11)    U.S. Patent No. 7,426,387 (the '387 patent);

(12)    U.S. Patent No. 7,428,412 (the '412 patent); and

(13)    U.S. Patent No. 7,444,146 (the '146 patent).

In addition, Federal Express has not directly infringed, contributed to the infringement, or induced the infringement of any valid, enforceable claim of the Patents In Suit, nor is Federal

Express directly infringing, contributing to the infringement or inducing the infringement of any valid, enforceable claim of the Patents In Suit.

### Third Defense

One or more of the Patents In Suit is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of the following:  35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Defense

Federal Express is informed, believes, and on that basis alleges that, because of admissions and representations made by or on behalf of the applicant(s) during the prosecution and proceedings in the United States Patent and Trademark Office (USPTO) which resulted in the issuance of one or more of the Patents In Suit, Harris is estopped from construing the claims of one or more of the Patents In Suit (even if this were otherwise possible) to cover and include any acts of Federal Express.

### Fifth Defense

Federal Express is informed, believes, and on that basis alleges that, because of admissions and representations made by or on behalf of the applicant(s) during the prosecution and proceedings in the USPTO which resulted in the issuance of one or more of the Patents In Suit, one or more of the Patents In Suit is unenforceable due to inequitable conduct.

### Sixth Defense

Harris's claims are barred by the doctrine of estoppel.

## Seventh Defense

Harris is not entitled to injunctive relief because any injury to Harris is not immediate or irreparable and Harris has an adequate remedy at law.

## Eighth Defense

Harris's Complaint fails to state a claim upon which relief can be granted.

## ANSWER

In answer to the Second Amended Complaint, Federal Express states as follows:

### Parties, Jurisdiction and Venue

1.      Federal Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and, on that basis, denies each and every such allegation.

2.      In response to Paragraph 2 of the Second Amended Complaint, Federal Express admits that Federal Express is a corporation organized and existing under the laws of the state of Delaware.  Except as expressly admitted, Federal Express denies the allegations of Paragraph 2 of the First Amended Complaint.

3.      Federal Express denies each and every allegation of Paragraph 3 of the Second Amended Complaint.

4.      Federal Express admits the allegations of Paragraph 4 of the Second Amended Complaint.

5.      In response to Paragraph 5 of the Second Amended Complaint, Federal Express admits that this Court has personal jurisdiction over Federal Express.  Except

as expressly admitted, Federal Express denies each and every allegation of Paragraph 5 of the Second Amended Complaint.

6.      In response to Paragraph 6 of the Second Amended Complaint, Federal Express admits that venue is proper in this judicial district.

### Statement of Facts

7.      In response to Paragraph 7 of the Second Amended Complaint, Federal Express denies that the eight (8) patents listed by Harris in the table include all the patents in this lawsuit.  The Patents In Suit include:

(1)     U.S. Patent No. 6,047,165 (the '165 patent);

(2)     U.S. Patent No. 6,104,914 (the '914 patent);

(3)     U.S. Patent No. 6,154,637 (the '637 patent);

(4)     U.S. Patent No. 6,308,045 (the '045 patent);

(5)     U.S. Patent No. 6,990,319 (the '319 patent);

(6)     U.S. Patent No. 6,108,523 (the '523 patent);

(7)     U.S. Patent No. 6,775,545 (the '545 patent);

(8)     U.S. Patent No. 6,154,636 (the '636 patent);

(9)     U.S. Patent No. 6,308,044 (the '044 patent);

(10)    U.S. Patent No. 6,173,159 (the '159 patent);

(11)    U.S. Patent No. 7,426,387 (the '387 patent);

(12)    U.S. Patent No. 7,428,412 (the '412 patent); and

(13)    U.S. Patent No. 7,444,146 (the '146 patent).

Except as expressly admitted, Federal Express denies each and every allegation of Paragraph 7 of the Second Amended Complaint.

8.      Federal Express denies each and every allegation of Paragraph 8 of the Second Amended Complaint.

9.      In response to Paragraph 9 of the Second Amended Complaint, Federal Express denies that it needs a license from anyone to practice the purported inventions claimed in the eight (8) patents listed by Harris in Paragraph 7 or to practice the purported inventions claimed in any of the thirteen (13) Patents In Suit.  Federal Express admits that Harris has not granted Federal Express a license to practice the purported inventions claimed in the eight (8) patents listed by Harris in Paragraph 7.  Federal Express denies each and every remaining allegation of Paragraph 9 of the Second Amended Complaint.

## Count I

10.      Federal Express re-states its answers and defenses to the Second Amended Complaint as set forth in Paragraphs 1-9.

11.      In response to Paragraph 11 of the Second Amended Complaint, Federal Express denies that Harris obtained leave of court to pursue the action set forth in Count I of the Second Amended Complaint.  Federal Express expressly denies infringement of the eight (8) patents listed by Harris in Paragraph 7.  Federal Express expressly denies infringement of any claim of the thirteen (13) Patents in Suit and states that Harris is not entitled to monetary damages or injunctive relief.  Federal Express denies each and every remaining allegation of Paragraph 11 of the Second Amended Complaint.

12.    Federal Express denies each and every allegation of Paragraph 12 of the Second Amended Complaint.

13.    Federal Express denies each and every allegation of Paragraph 13 of the Second Amended Complaint.

14.    Federal Express denies each and every allegation of Paragraph 14 of the Second Amended Complaint.

WHEREFORE, Federal Express prays for a judgment or entry of an order granting nothing to Harris Corporation, awarding reasonable attorney's fees and costs to Federal Express Corporation, and granting such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Federal Express Corporation ("Federal Express") files these Counterclaims against Harris Corporation ("Harris") and alleges as follows:

### The Parties

1.      Federal Express Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3610 Hacks Cross Road in Memphis, Tennessee.

2.      Harris Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business at 1025 West NASA Boulevard, in Melbourne, Florida.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because the counterclaims arise under the patent statutes of the United States.

4.      This Court has personal jurisdiction over Harris Corporation.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### Count One:  Counterclaim for a Declaration of Non-infringement of the Patents In Suit

6.      Federal Express re-alleges its allegations as set forth in Paragraphs 1-5.

7.      Based on the allegations of infringement by Harris Corporation in its Complaint, its First Amended Complaint, and/or its Second Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether Federal Express infringes any claim of the "Patents In Suit," which include:

(1)     U.S. Patent No. 6,047,165 (the '165 patent);

(2)     U.S. Patent No. 6,104,914 (the '914 patent);

(3)     U.S. Patent No. 6,154,637 (the '637 patent);

(4)     U.S. Patent No. 6,308,045 (the '045 patent);

(5)     U.S. Patent No. 6,990,319 (the '319 patent);

(6)     U.S. Patent No. 6,108,523 (the '523 patent);

(7)     U.S. Patent No. 6,775,545 (the '545 patent);

(8)     U.S. Patent No. 6,154,636 (the '636 patent);

(9)     U.S. Patent No. 6,308,044 (the '044 patent);

(10)    U.S. Patent No. 6,173,159 (the '159 patent);

(11)    U.S. Patent No. 7,426,387 (the '387 patent);

(12)    U.S. Patent No. 7,428,412 (the '412 patent); and

(13)    U.S. Patent No. 7,444,146 (the '146 patent).

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,047,165, either directly or indirectly.

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,104,914, either directly or indirectly.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,154,637 either directly or indirectly.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,308,045 either directly or indirectly.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,990,319 either directly or indirectly.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,108,523, either directly or indirectly.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,775,545, either directly or indirectly.

19.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,154,636 either directly or indirectly.

20.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,308,044 either directly or indirectly.

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 6,173,159 either directly or indirectly.

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 7,426,387 either directly or indirectly.

23.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 7,428,412 either directly or indirectly.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that Federal Express does not infringe any claim of U.S. Patent No. 7,444,146 either directly or indirectly.

### Count Two:  Counterclaim for Declaratory Judgment of Invalidity of the Patents In Suit

25.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-24.

26.     Based on the allegations of infringement by Harris Corporation in at least its First Amended Complaint and its Second Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether Federal Express infringes any claims of the Patents In Suit.

27.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,047,165 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,104,914 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,154,637 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

31.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,308,045 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,990,319 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

33.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,108,523 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S.

Patent No. 6,775,545 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

35.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,154,636 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,308,044 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 6,173,159 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 7,426,387 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

39.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 7,428,412 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.,* including sections 102, 103, and/or 112.

40.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of U.S. Patent No. 7,444,146 are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 102, 103, and/or 112.

### Count Three:  Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,047,165 due to Inequitable Conduct

41.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-40.

42.     An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,047,165 (the '165 patent).

43.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of the '165 patent are unenforceable due to inequitable conduct and/or fraud.

45.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the Flight Safety Foundation report to the FAA, entitled "Air Carrier Voluntary Flight Operation Quality Assurance Program" ("the 1992 FSF Report"), the FAA draft

- 14 -

Advisory Circular AC-120-XX, entitled "Flight Operational Quality Assurance Program" ("the FAA Advisory Circular"), the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and U.S. Patent No. 5,463,656 ("the Polivka reference").

46.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '165 application was pending and failed to disclose it to the USPTO.

47.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '165 application was pending and failed to disclose it to the USPTO.

48.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1991 AEEC Letter while the '165 application was pending and failed to disclose it to the USPTO.

49.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the ARINC 632 reference while the '165 application was pending and failed to disclose it to the USPTO.

50.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the ARINC 751 reference while the '165 application was pending and failed to disclose it to the USPTO.

51.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the Polivka reference while the '165 application was pending and failed to disclose it to the USPTO.

52.     A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Polivka reference to be important in deciding whether to allow the '165 application to issue as a patent.

53.     The information in the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Polivka reference, taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '165 patent and is not cumulative as compared to the other information made of record in the application for the '165 patent.

54.     The applicants and/or other individuals who were substantively involved with the reexamination of the '165 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to:

     (a)     the failure to disclose to the USPTO material prior art references, such as the 1992 FSF Report;

     (b)     the failure to disclose to the USPTO material prior art references, such as the FAA Advisory Circular; and

     (c)     the failure to disclose to the USPTO the existence of co-pending and related U.S. applications; specifically, the reexamination of the '045 patent.

55.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the reexamination of the '045 patent while the '165 reexamination was pending and failed to disclose it to the USPTO.

56.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '165 reexamination was pending and failed to disclose it to the USPTO.

57.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '165 patent, including the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '165 reexamination was pending and failed to disclose it to the USPTO.

58.     A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '045 patent to be important to the reexamination of the '165 patent.

59.    The information in the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '045 patent taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '165 patent under reexamination and is not cumulative as compared to the other information made of record in the reexamination of the '165 patent.

60.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO during the application for the '165 patent, and during the reexamination of the '165 patent, in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

61.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '165 patent was fraudulently obtained, causing all claims of the '165 patent to be unenforceable.

**Count Four:  Counterclaim for a Declaration of
Unenforceability of U.S. Patent No. 6,104,914 due to
Inequitable Conduct**

62.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-61.

63.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,104,914 (the '914 patent).

64.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '914 patent are unenforceable due to inequitable conduct and/or fraud.

66.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '914 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the Flight Safety Foundation report to the FAA, entitled "Air Carrier Voluntary Flight Operation Quality Assurance Program" ("the 1992 FSF Report"), the FAA draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality Assurance Program" ("the FAA Advisory Circular"), the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and U.S. Patent No. 5,445,347 ("the Ng reference").

67.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '914 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '914 application was pending and failed to disclose it to the USPTO.

68.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '914 patent, including

the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '914 application was pending and failed to disclose it to the USPTO.

69.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '914 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1991 AEEC Letter while the '914 application was pending and failed to disclose it to the USPTO.

70.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '914 patent, including the Plaintiff, Harris Corporation, had knowledge of the ARINC 632 reference while the '914 application was pending and failed to disclose it to the USPTO.

71.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '914 patent, including the Plaintiff, Harris Corporation, had knowledge of the ARINC 751 reference while the '914 application was pending and failed to disclose it to the USPTO.

72.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '914 patent, including the Plaintiff, Harris Corporation, had knowledge of the Ng reference while the '914 application was pending and failed to disclose it to the USPTO.

73.     A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Ng reference to be important in deciding whether to allow the '914 application to issue as a patent.

74.     The information in the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Ng reference, taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '914 patent and is not cumulative as compared to the other information made of record in the application for the '914 patent.

75.     The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO during the application for the '914 patent, in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

76.     As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '914 patent was fraudulently obtained, causing all claims of the '914 patent to be unenforceable.

### Count Five:  Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,154,637 due to Inequitable Conduct

77.     Federal Express re-alleges its allegations as set forth in Paragraphs 1-76.

78.     An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,154,637 (the '637 patent).

79.     All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of the '637 patent are unenforceable due to inequitable conduct and/or fraud.

81.     The applicants applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '637 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the Flight Safety Foundation report to the FAA, entitled "Air Carrier Voluntary Flight Operation Quality Assurance Program" ("the 1992 FSF Report"), the FAA draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality Assurance Program" ("the FAA Advisory Circular"), the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and U.S. Patent No. 5,445,347 ("the Ng reference").

82.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '637 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '637 application was pending and failed to disclose it to the USPTO.

83.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '637 patent, including the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '637 application was pending and failed to disclose it to the USPTO.

84.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '637 patent, including

the Plaintiff, Harris Corporation, had knowledge of the 1991 AEEC Letter while the '637 application was pending and failed to disclose it to the USPTO.

85.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '637 patent, including the Plaintiff, Harris Corporation, had knowledge of the ARINC 632 reference while the '637 application was pending and failed to disclose it to the USPTO.

86.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '637 patent, including the Plaintiff, Harris Corporation, had knowledge of the ARINC 751 reference while the '637 application was pending and failed to disclose it to the USPTO.

87.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '637 patent, including the Plaintiff, Harris Corporation, had knowledge of the Ng reference while the '637 application was pending and failed to disclose it to the USPTO.

88.    A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Ng reference to be important in deciding whether to allow the '637 application to issue as a patent.

89.    The information in the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Ng reference, taken either together or separately, creates a *prima facie* case of unpatentability

of at least one claim of the '637 patent and is not cumulative as compared to the other information made of record in the application for the '637 patent.

90.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO during the application for the '637 patent, in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

91.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '637 patent was fraudulently obtained, causing all claims of the '637 patent to be unenforceable.

### Count Six:  Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,308,045 due to Inequitable Conduct

92.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-91.

93.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,408,045 (the '045 patent).

94.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

95.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '045 patent are unenforceable due to inequitable conduct and/or fraud.

96.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good

faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the Flight Safety Foundation report to the FAA, entitled "Air Carrier Voluntary Flight Operation Quality Assurance Program" ("the 1992 FSF Report"), the FAA draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality Assurance Program" ("the FAA Advisory Circular"), the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632 reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751 reference"), and U.S. Patent No. 5,445,347 ("the Ng reference").

97.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '045 application was pending and failed to disclose it to the USPTO.

98.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '045 application was pending and failed to disclose it to the USPTO.

99.     The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1991 AEEC Letter while the '045 application was pending and failed to disclose it to the USPTO.

100.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, had knowledge of the ARINC 632 reference while the '045 application was pending and failed to disclose it to the USPTO.

101.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, had knowledge of the ARINC 751 reference while the '045 application was pending and failed to disclose it to the USPTO.

102.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, had knowledge of the Ng reference while the '045 application was pending and failed to disclose it to the USPTO.

103.    A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Ng reference to be important in deciding whether to allow the '045 application to issue as a patent.

104.    The information in the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Ng reference, taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '045 patent and is not cumulative as compared to the other information made of record in the application for the '045 patent.

105.    The applicants and/or other individuals who were substantively involved with the reexamination of the '045 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to:

(a)    the failure to disclose to the USPTO material prior art references, such as the 1992 FSF Report;

(b)    the failure to disclose to the USPTO material prior art references, such as the FAA Advisory Circular; and

(c)    the failure to disclose to the USPTO the existence of co-pending and related U.S. applications; specifically, the reexamination of the '165 patent.

106.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, had knowledge of the reexamination of the '165 patent while the '045 reexamination was pending and failed to disclose it to the USPTO.

107.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '045 reexamination was pending and failed to disclose it to the USPTO.

108.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '045 patent, including

the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '045 reexamination was pending and failed to disclose it to the USPTO.

109.    A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '165 patent to be important to the reexamination of the '045 patent.

110.    The information in the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '165 patent taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '045 patent under reexamination and is not cumulative as compared to the other information made of record in the reexamination of the '045 patent.

111.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

112.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '045 patent was fraudulently obtained, causing all claims of the '045 patent to be unenforceable.

**Count Seven:  Counterclaim for a Declaration of
Unenforceability of U.S. Patent No. 6,990,319 due to
Inequitable Conduct**

113.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-112.

114.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,990,319 (the '319 patent).

115.   All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

116.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of the '319 patent are unenforceable due to inequitable conduct and/or fraud.

117.   The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '319 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to:

(a)    the failure to disclose to the USPTO the existence of co-pending and related U.S. applications; specifically, the application that issued as the '545 patent;

(b)    the failure to disclose to the USPTO the existence of a co-pending and related foreign application;

(c)    the failure to disclose to the USPTO a copy of the Flight Safety Foundation report to the FAA, entitled "Air Carrier Voluntary Flight Operation Quality Assurance Program" ("the 1992 FSF Report");

(d)    the failure to disclose to the USPTO a copy of the FAA draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality Assurance Program" ("the FAA Advisory Circular");

(e)     the failure to submit to the USPTO a copy of the EPO

Decision of the Opposition Division, dated March 31, 2003; and

(f)     the failure to submit to the USPTO a copy of the EPO

Board of Appeals Decision dated July 20, 2004.

118.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '319 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '319 application was pending and failed to disclose it to the USPTO.

119.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '319 patent, including the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '319 application was pending and failed to disclose it to the USPTO.

120.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '319 patent, including the Plaintiff, Harris Corporation, had knowledge of the filing of a Notice of Opposition filed on or about May 30, 2001, seeking to revoke European Patent No. EP-B-0774724 ("the EP patent") while the '319 application was pending and failed to disclose it to the USPTO. The Plaintiff, Harris Corporation, was the Proprietor of the EP patent, which claimed the benefit and priority of the application that issued as the '165 patent in the United States.

121.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '319 patent, including

the Plaintiff, Harris Corporation, had knowledge of the EPO Decision of the Opposition Division that was issued March 31, 2003, revoking the EP patent, while the '319 application was pending and failed to disclose it to the USPTO.

122.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '319 patent, including the Plaintiff, Harris Corporation, had knowledge of the EPO Board of Appeals Decision that issued July 20, 2004, also revoking the EP patent, while the '319 application was pending and failed to disclose it to the USPTO.

123.    A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, the EPO Decision of the Opposition Division, and/or the EPO Board of Appeals Decision to be important in deciding whether to allow the '319 application to issue as a patent.

124.    The information in the 1992 FSF Report, the FAA Advisory Circular, the EPO Decision of the Opposition Division, and/or the EPO Board of Appeals Decision, taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '319 patent and is not cumulative as compared to the other information made of record in the application for the '319 patent.

125.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

126.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '319 patent was fraudulently obtained, causing all claims of the '319 patent to be unenforceable.

### Count Eight:  Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,108,523 due to Inequitable Conduct

127.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-126.

128.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,108,523 (the '523 patent).

129.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

130.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '523 patent are unenforceable due to inequitable conduct and/or fraud.

131.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '914 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO material prior art references such as the Flight Safety Foundation report to the FAA, entitled "Air Carrier Voluntary Flight Operation Quality Assurance Program" ("the 1992 FSF Report"), the FAA draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality Assurance Program"

("the FAA Advisory Circular"), the AEEC Letter 91-079/DLK-391 ("the 1991 AEEC

Letter"), the ARINC Specification 632 (Gatelink – Ground Side) ("the ARINC 632

reference"), the ARINC Characteristic 751 (Gatelink – Aircraft Side) ("the ARINC 751

reference"), and U.S. Patent No. 5,445,347 ("the Ng reference").

132.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '523 patent, including

the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '523

application was pending and failed to disclose it to the USPTO.

133.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '523 patent, including

the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the

'523 application was pending and failed to disclose it to the USPTO.

134.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '523 patent, including

the Plaintiff, Harris Corporation, had knowledge of the 1991 AEEC Letter while the '523

application was pending and failed to disclose it to the USPTO.

135.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '523 patent, including

the Plaintiff, Harris Corporation, had knowledge of the ARINC 632 reference while the '523

application was pending and failed to disclose it to the USPTO.

136.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '523 patent, including

the Plaintiff, Harris Corporation, had knowledge of the ARINC 751 reference while the '523 application was pending and failed to disclose it to the USPTO.

137.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '523 patent, including the Plaintiff, Harris Corporation, had knowledge of the Ng reference while the '523 application was pending and failed to disclose it to the USPTO.

138.    A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Ng reference to be important in deciding whether to allow the '523 application to issue as a patent.

139.    The information in the 1992 FSF Report, the FAA Advisory Circular, the 1991 AEEC Letter, the ARINC 632 reference, the ARINC 751 reference, and/or the Ng reference, taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '523 patent and is not cumulative as compared to the other information made of record in the application for the '523 patent.

140.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO during the application for the '523 patent, in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

141.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '523 patent was fraudulently obtained, causing all claims of the '523 patent to be unenforceable.

**Count Nine:  Counterclaim for a Declaration of
Unenforceability of U.S. Patent No. 6,775,545 due to
Inequitable Conduct**

142.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-141.

143.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,775,545 (the '545 patent).

144.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

145.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '545 patent are unenforceable due to inequitable conduct and/or fraud.

146.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '545 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to:

      (a)    the failure to disclose to the USPTO the existence of co-pending and related U.S. applications; specifically, the application that issued as the '319 patent;

      (b)    the failure to disclose to the USPTO the existence of a co-pending and related foreign application;

      (c)     the failure to disclose to the USPTO a copy of the Flight

Safety Foundation report to the FAA, entitled "Air Carrier Voluntary

Flight Operation Quality Assurance Program" ("the 1992 FSF Report");

      (d)     the failure to disclose to the USPTO a copy of the FAA

draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality

Assurance Program" ("the FAA Advisory Circular");

      (e)     the failure to submit to the USPTO a copy of the EPO

Decision of the Opposition Division, dated March 31, 2003; and

      (f)     the failure to submit to the USPTO a copy of the EPO

Board of Appeals Decision dated July 20, 2004.

      147.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '545 patent, including

the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '545

application was pending and failed to disclose it to the USPTO.

      148.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '545 patent, including

the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the

'545 application was pending and failed to disclose it to the USPTO.

      149.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '545 patent, including

the Plaintiff, Harris Corporation, had knowledge of the filing of a Notice of Opposition

filed on or about May 30, 2001, seeking to revoke European Patent No. EP-B-0774724

("the EP patent") while the '545 application was pending and failed to disclose it to the USPTO.  The Plaintiff, Harris Corporation, was the Proprietor of the EP patent, which claimed the benefit and priority of the application that issued as the '165 patent in the United States.

150.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '545 patent, including the Plaintiff, Harris Corporation, had knowledge of the EPO Decision of the Opposition Division that was issued March 31, 2003, revoking the EP patent, while the '545 application was pending and failed to disclose it to the USPTO.

151.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '545 patent, including the Plaintiff, Harris Corporation, had knowledge of the EPO Board of Appeals Decision that issued July 20, 2004, also revoking the EP patent, while the '545 application was pending and failed to disclose it to the USPTO.

152.    A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, the EPO Decision of the Opposition Division, and/or the EPO Board of Appeals Decision to be important in deciding whether to allow the '545 application to issue as a patent.

153.    The information in the 1992 FSF Report, the FAA Advisory Circular, the EPO Decision of the Opposition Division, and/or the EPO Board of Appeals Decision, taken either together or separately, creates a *prima facie* case of unpatentability of at least

one claim of the '545 patent and is not cumulative as compared to the other information made of record in the application for the '545 patent.

154.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

155.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '545 patent was fraudulently obtained, causing all claims of the '545 patent to be unenforceable.

**Count Ten:  Counterclaim for a Declaration of
Unenforceability of U.S. Patent No. 6,154,636 due to
Inequitable Conduct**

156.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-155.

157.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,154,636 (the '636 patent).

158.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

159.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '636 patent are unenforceable due to inequitable conduct and/or fraud.

160.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '636 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good

faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO the existence of co-pending U.S. applications in the same area of technology; specifically, the applications that issued as the '165, '914, '523, '637, and '045 patents.

161.    A reasonable examiner would consider the co-pending applications in the same area of technology to be important in deciding whether to allow the '636 application to issue as a patent.

162.    The information in the co-pending applications, taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '636 patent and is not cumulative as compared to the other information made of record in the application for the '636 patent.

163.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

164.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '636 patent was fraudulently obtained, causing all claims of the '636 patent to be unenforceable.

**Count Eleven:  Counterclaim for a Declaration of
Unenforceability of U.S. Patent No. 6,308,044 due to
Inequitable Conduct**

165.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-164.

166.    An actual controversy between the parties has arisen and now exists as to the enforceability of the claims of U.S. Patent No. 6,308,044 (the '044 patent).

167.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

168.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Federal Express requests a declaration from the Court that the claims of the '044 patent are unenforceable due to inequitable conduct and/or fraud.

169.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '044 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to the failure to disclose to the USPTO the existence of co-pending U.S. applications in the same area of technology; specifically, the applications that issued as the '165, '914, '523, '637, and '045 patents.

170.    A reasonable examiner would consider the co-pending applications in the same area of technology to be important in deciding whether to allow the '044 application to issue as a patent.

171.    The information in the co-pending applications, taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '044 patent and is not cumulative as compared to the other information made of record in the application for the '044 patent.

172.    The applicants and/or other individuals, including the Plaintiff, Harris

Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and

good faith set forth in 37 C.F.R. § 1.56.

173.    As a consequence of Plaintiff's failure to satisfy the duty of candor and

good faith before the USPTO, the '044 patent was fraudulently obtained, causing all

claims of the '044 patent to be unenforceable.

### Count Twelve:  Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 6,173,159 due to Inequitable Conduct

174.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-173.

175.    An actual controversy between the parties has arisen and now exists as to

the enforceability of the claims of U.S. Patent No. 6,173,159 (the '159 patent).

176.    All the circumstances show that there is a substantial controversy,

between parties with adverse interests, and this controversy has sufficient immediacy

and reality to warrant the issuance of a declaratory judgment.

177.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et

seq.*, Federal Express requests a declaration from the Court that the claims of the '159

patent are unenforceable due to inequitable conduct and/or fraud.

178.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '159 patent, including

the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good

faith to the USPTO during prosecution of the application, by conduct including but not

limited to the failure to disclose to the USPTO the existence of co-pending

U.S. applications in the same area of technology; specifically, the applications that issued as the '165, '914, '523, '637, and '045 patents.

179.   A reasonable examiner would consider the co-pending applications in the same area of technology to be important in deciding whether to allow the '159 application to issue as a patent.

180.   The information in the co-pending applications, taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '159 patent and is not cumulative as compared to the other information made of record in the application for the '159 patent.

181.   The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

182.   As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '159 patent was fraudulently obtained, causing all claims of the '159 patent to be unenforceable.

**Count Thirteen:  Counterclaim for a Declaration of
Unenforceability of U.S. Patent No. 7,426,387 due to
Inequitable Conduct**

183.   Federal Express re-alleges its allegations as set forth in Paragraphs 1-182.

184.   Based on the allegations by Harris Corporation in its Second Amended Complaint, an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of U.S. Patent No. 7,426,387 (the '387 patent).

185.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

186.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of the '387 patent are unenforceable due to inequitable conduct and/or fraud.

187.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the '387 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to:

(a)    the failure to disclose to the USPTO a copy of the Flight Safety Foundation report to the FAA, entitled "Air Carrier Voluntary Flight Operation Quality Assurance Program" ("the 1992 FSF Report");

(b)    the failure to disclose to the USPTO a copy of the FAA draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality Assurance Program" ("the FAA Advisory Circular");

(c)    the failure to disclose to the USPTO the existence of co-pending and related U.S. applications; specifically, the reexamination of the '165 patent.

188.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '387 patent, including

the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '387 application was pending and failed to disclose it to the USPTO.

189.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '387 patent, including the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '387 application was pending and failed to disclose it to the USPTO.

190.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '387 patent, including the Plaintiff, Harris Corporation, had knowledge of the reexamination of the '165 patent while the '387 application was pending and failed to disclose it to the USPTO.

191.    A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '165 patent to be important to the reexamination of the '387 patent.

192.    The information in the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '165 patent taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '387 patent under reexamination and is not cumulative as compared to the other information made of record in the reexamination of the '387 patent.

193.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO during the application for the '387 patent, in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

194.    As a consequence of Plaintiff's failure to satisfy the duty of candor and

good faith before the USPTO, the '387 patent was fraudulently obtained, causing all

claims of the '387 patent to be unenforceable.

### Count Fourteen:  Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 7,428,412 due to Inequitable Conduct

195.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-194.

196.    Based on the allegations by Harris Corporation in its Second Amended

Complaint, an actual controversy has arisen and now exists between the parties as to the

enforceability of the claims of U.S. Patent No. 7,428,412 (the '412 patent).

197.    All the circumstances show that there is a substantial controversy,

between parties with adverse interests, and this controversy has sufficient immediacy

and reality to warrant the issuance of a declaratory judgment.

198.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et

seq.,* Federal Express requests a declaration from the Court that the claims of the '412

patent are unenforceable due to inequitable conduct and/or fraud.

199.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the '412 patent, including the Plaintiff, Harris Corporation,

intentionally failed to satisfy the duty of candor and good faith to the USPTO during

prosecution of the application, by conduct including but not limited to:

     (a)    the failure to disclose to the USPTO a copy of the Flight

Safety Foundation report to the FAA, entitled "Air Carrier Voluntary

Flight Operation Quality Assurance Program" ("the 1992 FSF Report");

(b)    the failure to disclose to the USPTO a copy of the FAA

draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality

Assurance Program" ("the FAA Advisory Circular");

(c)    the failure to disclose to the USPTO the existence of

co-pending and related U.S. applications; specifically, the reexamination

of the '165 patent.

200.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '412 patent, including

the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '412

application was pending and failed to disclose it to the USPTO.

201.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '412 patent, including

the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the

'412 application was pending and failed to disclose it to the USPTO.

202.    The applicants and/or other individuals who were substantively involved with

the preparation and prosecution of the application that matured into the '412 patent, including

the Plaintiff, Harris Corporation, had knowledge of the reexamination of the '165 patent

while the '412 application was pending and failed to disclose it to the USPTO.

203.    A reasonable examiner would consider the 1992 FSF Report, the FAA

Advisory Circular, and/or events occurring in the reexamination of the '165 patent to be

important to the reexamination of the '412 patent.

204.    The information in the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '165 patent taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '412 patent under reexamination and is not cumulative as compared to the other information made of record in the reexamination of the '412 patent.

205.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO during the application for the '412 patent, in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

206.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '412 patent was fraudulently obtained, causing all claims of the '412 patent to be unenforceable.

### Count Fifteen:  Counterclaim for a Declaration of Unenforceability of U.S. Patent No. 7,444,146 due to Inequitable Conduct

207.    Federal Express re-alleges its allegations as set forth in Paragraphs 1-206.

208.    Based on the allegations by Harris Corporation in its Second Amended Complaint, an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of U.S. Patent No. 7,444,146 (the '146 patent).

209.    All the circumstances show that there is a substantial controversy, between parties with adverse interests, and this controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

210.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federal Express requests a declaration from the Court that the claims of the '146 patent are unenforceable due to inequitable conduct and/or fraud.

211.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the '146 patent, including the Plaintiff, Harris Corporation, intentionally failed to satisfy the duty of candor and good faith to the USPTO during prosecution of the application, by conduct including but not limited to:

      (a)    the failure to disclose to the USPTO a copy of the Flight Safety Foundation report to the FAA, entitled "Air Carrier Voluntary Flight Operation Quality Assurance Program" ("the 1992 FSF Report");

      (b)    the failure to disclose to the USPTO a copy of the FAA draft Advisory Circular AC-120-XX, entitled "Flight Operational Quality Assurance Program" ("the FAA Advisory Circular");

      (c)    the failure to disclose to the USPTO the existence of co-pending and related U.S. applications; specifically, the reexamination of the '165 patent.

212.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '146 patent, including the Plaintiff, Harris Corporation, had knowledge of the 1992 FSF Report while the '146 application was pending and failed to disclose it to the USPTO.

213.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '146 patent, including

the Plaintiff, Harris Corporation, had knowledge of the FAA Advisory Circular while the '146 application was pending and failed to disclose it to the USPTO.

214.    The applicants and/or other individuals who were substantively involved with the preparation and prosecution of the application that matured into the '146 patent, including the Plaintiff, Harris Corporation, had knowledge of the reexamination of the '165 patent while the '146 application was pending and failed to disclose it to the USPTO.

215.    A reasonable examiner would consider the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '165 patent to be important to the reexamination of the '146 patent.

216.    The information in the 1992 FSF Report, the FAA Advisory Circular, and/or events occurring in the reexamination of the '165 patent taken either together or separately, creates a *prima facie* case of unpatentability of at least one claim of the '146 patent under reexamination and is not cumulative as compared to the other information made of record in the reexamination of the '146 patent.

217.    The applicants and/or other individuals, including the Plaintiff, Harris Corporation, acted with intent to deceive the USPTO during the application for the '146 patent, in violation of the duty of candor and good faith set forth in 37 C.F.R. § 1.56.

218.    As a consequence of Plaintiff's failure to satisfy the duty of candor and good faith before the USPTO, the '146 patent was fraudulently obtained, causing all claims of the '146 patent to be unenforceable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Federal Express demands a trial by jury of this action, including the Counterclaims.

### PRAYER FOR RELIEF

WHEREFORE, Federal Express prays for a judgment or entry of an order:

A.      Dismissing Harris Corporation's Complaints with prejudice, with Harris taking nothing;

B.      Declaring that Federal Express Corporation has not directly or indirectly infringed any claim of the Patents In Suit; namely,

(1)      U.S. Patent No. 6,047,165 (the '165 patent);

(2)      U.S. Patent No. 6,104,914 (the '914 patent);

(3)      U.S. Patent No. 6,154,637 (the '637 patent);

(4)      U.S. Patent No. 6,308,045 (the '045 patent);

(5)      U.S. Patent No. 6,990,319 (the '319 patent);

(6)      U.S. Patent No. 6,108,523 (the '523 patent);

(7)      U.S. Patent No. 6,775,545 (the '545 patent);

(8)      U.S. Patent No. 6,154,636 (the '636 patent);

(9)      U.S. Patent No. 6,308,044 (the '044 patent);

(10)      U.S. Patent No. 6,173,159 (the '159 patent);

(11)      U.S. Patent No. 7,426,387 (the '387 patent);

(12)      U.S. Patent No. 7,428,412 (the '412 patent); and

(13)      U.S. Patent No. 7,444,146 (the '146 patent).

C.    Declaring that the Patents In Suit Asserted Patents are invalid.

D.    Declaring that the Patents In Suit are unenforceable due to inequitable

conduct.

E.    Finding this to be an exceptional case under 35 U.S.C. § 285 and awarding

to Federal Express its reasonable attorney's fees and costs of suit incurred in this action;

and

F.    Granting to Federal Express such other and further relief as the Court may

deem just and proper.

Dated this, the ___13 $^{th}$___ day of April, 2009.

Respectfully submitted,

Lawrence K. Nodine, Trial Counsel
Georgia Bar No. 545250
NodineL@BallardSpahr.com
J. Scott Anderson
Georgia Bar No. 017266
Florida Bar No. 115053 (inactive)
AndersonJS@BallardSpahr.com
Charley F. Brown
Georgia Bar No. 086754
BrownCF@BallardSpahr.com
Robin L. Gentry
Georgia Bar No. 289889
GentryR@BallardSpahr.com
Jeffrey H. Brickman
Georgia Bar No. 080432
BrickmanJ@BallardSpahr.com
Sumner C. Rosenberg
Georgia Bar No. 614550
RosenbergS@BallardSpahr.com
**Ballard Spahr Andrews & Ingersoll, LLP**
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309

- 51 -

Telephone 678-420-9300
Fax 678-420-9301

Marilyn G. Moran
Florida Bar No. 0163813
mmoran@bakerlaw.com
**Baker & Hostetler, LLP**
P.O. Box 112
Orlando, Florida  32802-0112
Telephone 407-649-4000
Fax 407-841-0168

ATTORNEYS FOR
FEDERAL EXPRESS CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April __/3__ , 2009, I electronically filed the

foregoing document, FEDERAL EXPRESS CORPORATION'S ANSWER TO HARRIS

CORPORATION'S SECOND AMENDED COMPLAINT, AFFIRMATIVE

DEFENSES, AND SECOND AMENDED COUNTERCLAIMS, using the Case

Management / Electronic Case Filing system which will send a Notice of Electronic

Filing to the following participants:

> Ryan T. Santurri, Esq.
> Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
> P.O. Box 3791
> Orlando, Florida  32802-3791
> Telephone:  407-841-2330
> Fax:  407-841-2343

> J. Scott Anderson
> **Ballard Spahr Andrews & Ingersoll, LLP**
> 999 Peachtree Street, Suite 1000
> Atlanta, Georgia 30309
> Telephone 678-420-9300
> Fax 678-420-9301

> ATTORNEYS FOR
> FEDERAL EXPRESS CORPORATION