# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRIS CORPORATION,

    Plaintiff,

v.                                Case No. 6:07-CV-1819-ORL-28 KRS

FEDERAL EXPRESS CORPORATION,

    Defendant.
_____/

### PLAINTIFF'S SUPPLEMENTAL RESPONSES TO THE FIRST SET OF INTERROGATORIES (NOS. 3, 4, 7, 8) FROM DEFENDANT

Pursuant to Rule 33, Federal Rules of Civil Procedure, Plaintiff, Harris Corporation ("Harris"), through its undersigned counsel, hereby submits its supplemental answers and objections to Interrogatory Nos. 3, 4, 7,8 propounded by Defendant Federal Express Corporation, as follows:

### INTERROGATORIES

3.     Identify all persons who have or are believed to have knowledge of any fact alleged in Harris Corporation's Complaint or any fact relevant to the claims or defenses of any party in this action, and state the subject matter of the knowledge possessed or believed to be possessed by each such person.

RESPONSE: Harris objects to this Interrogatory to the extent it seeks discovery of information that is protected to the attorney-client or work-product privileges. Harris objects to the extent it requires Harris to guess who may have knowledge relevant to FedEx's claims and defenses. Harris objects to this interrogatory because FedEx has

1

exceeded the maximum number of interrogatories allowed under the Federal Rules. Notwithstanding the objections contained herein, Thomas H. Wright, James J. Ziarno and Ramzi Delpak have knowledge as to the patents-in-suit. Harris believes representatives of FedEx will likely have knowledge as to all aspects of FedEx's use of the infringing products and methods.

SUPPLEMENTAL RESPONSE: Harris adopts and incorporates its original response in full to this supplemental response. Harris also adopts and incorporates its supplemental Rule 26 disclosures, as if set forth herein. Other witnesses include those identified in discovery to date.

4.    Identify each claim of the Patents-in-Suit Harris accuses Federal Express of infringing and, for each such claim, identify all facts supporting Your allegation of infringement, identify each accused apparatus, method, composition, or other instrumentality ("Accused Instrumentality") of Federal Express, and identify specifically where each element of each asserted claim is allegedly found within each Accused Instrumentality.

RESPONSE: Harris objects to this Interrogatory to as premature. Discovery has just begun and FedEx has not produced any discovery in the course of the litigation. Harris objects to this Interrogatory as seeking information known only by FedEx, as Harris cannot accurately identify accused apparatuses with the specificity demanded in the instructions to FedEx's interrogatories without additional discovery. Notwithstanding these objections, Harris will provide preliminary claim charts showing at least one independent claim for each patent infringed by FedEx. Harris reserves the right to amend

2

and modify its infringement contentions and add additional independent and dependent claims as discovery progresses.

SUPPLEMENTAL RESPONSE: Harris adopts the expert reports, opinions and testimony of Joseph C. McAlexander III, as if fully set forth herein, which set forth the claims of the Patents-in-Suit that Harris intends to assert at trial, and the underlying factual basis for Harris' claims of infringement.

7. Describe in detail all factual and legal bases for the averments in Paragraph 14 of the Complaint that "FedEx lacks justifiable belief that there is no infringement or that the infringed claims are invalid and has acted with objective recklessness in its infringing activity. FedEx's infringement is therefore willful and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action."

RESPONSE: Harris objects to this Interrogatory to the extent it seeks the disclosure of information protected by the attorney-client or work-product privileges. Harris further objects to the extent this Interrogatory seeks a legal analysis. Notwithstanding these objections, FedEx is aware and has been aware of Harris' patents through discussions with Harris and with Harris' licensees. The patents have been thoroughly examined in patent offices in the U.S. and have been deemed valid and enforceable, and FedEx has provided no basis for a justifiable belief to the contrary. In 2002, representatives of FedEx contacted Harris to confirm that Spirent Systems was licensed under Harris' GDL portfolio. More recently, FedEx again acknowledged it had

knowledge of Harris' patents, but has refused to cease its infringement or to take a license under the asserted patents.

SUPPLEMENTAL RESPONSE: Harris adopts and incorporates its original response in full to this supplemental response. Through discovery it was revealed that FedEx knew of the Harris patents at least as early as 2000, and that FedEx's legal department was repeatedly reminded of the existence of the Harris patents that time. FedEx representatives contacted Harris in or around 2002 to confirm that the Spirent products it was purchasing for some of its fleet were in fact licensed by Harris.

With knowledge of the availability of licensed products, FedEx solicited bids on a GDL system for its B727 and DC10 fleets. The company that provided the cheapest quote was Avionica, who openly touted the fact that its products were unlicensed by Harris, and that the lack of a license helped it undercut its competition and offer a lower price. FedEx was aware that Avionica did not have a license to the Harris patents prior to executing the contract with Avionica. Despite that knowledge, FedEx commissioned the development of an unlicensed system with Avionica because an unlicensed system was "cheaper." FedEx actively participated in the development of the unlicensed system with Avionica, and sought to profit from infringing sales by Avionica to third parties.

As a condition of the contract between FedEx and Avionica, FedEx negotiated kickbacks or royalties from Avionica for sales of the unlicensed and infringing system to third parties. Since that time, Avionica has bragged that the industry did not need a license from Harris if it purchased the jointly developed system from Avionica, which generated more sales for Avionica and more payments to FedEx. In an attempt to avoid financial liability for its open and willful infringement, FedEx negotiated indemnity from

Avionica for patent infringement asserted by Harris. According to FedEx, this contractual provision provided it with the ability to push liability for an infringement suit brought by Harris onto Avionica and "tell Harris to POUND SAND." (emphasis original). Other testimony and documents produced in discovery show all elements necessary to prove willful infringement, the details of how and what Harris will present to the Jury is not known.

8. Describe in detail the basis for any claim by Harris Corporation for damages including, but not limited to, the total dollar amount of damages, and the facts and theory on which each such claim is based (e.g., lost profits, price erosion) and the rate, computation and base of any royalty.

RESPONSE: Harris objects to this Interrogatory to the extent it seeks the disclosure of information protected by the attorney-client or work-product privileges. Harris further objects because this Interrogatory as premature and necessarily calls for information not yet provided by FedEx and which FedEx may designate as confidential/attorneys' eyes only. Therefore, Harris would not be in a position to have calculated damages, making it properly addressed through expert testimony. Discovery has just begun and Harris awaits discovery responses from FedEx. As discovery continues, Harris expressly reserves the right, within the scope of the applicable rules and Orders, to revise, modify or amend, at any time, its Responses. Notwithstanding these objections, Harris seeks a reasonable royalty for the past uses of each infringing system or method. Because of the early stage in discovery, Harris cannot provide an estimate of

the reasonable royalty until FedEx produces its economic data, but expects to provide expert testimony on the issue.

SUPPLEMENTAL RESPONSE:   Harris adopts and incorporates its original response in full to this supplemental response.  Harris also adopts and incorporates the expert report, opinion and testimony of Andrew Carter as the amount and basis for damages.

AS TO ANSWERS:

HARRIS CORPORATION

By: _____
Printed Name: __Brian P. Holt__

Title: __Director, IP Licensing__

STATE OF __FLORIDA__

COUNTY OF __BREVARD__

Before me, the undersigned authority, personally appeared __Brian P. Holt__, as __Director, IP Licensing__ of Harris Corporation, who, after first being duly-sworn on oath, has read the foregoing Supplemental Responses to Defendant's Interrogatories Nos. 3, 4, 7, 8, and is informed and believes that the matters stated therein are true and correct.

This foregoing instrument was subscribed, sworn to, and acknowledged by me this __11th__ day of __February__, 2009, by __Brian P. Holt__, who:

☑ Is personally known to me.

☐ Produced _____ as identification.

Signed and sealed this __11th__ day of __February__, 2009.

_____
NOTARY PUBLIC
Printed Name: _____
My Commission Expires: _____

(Seal)

7

Dated: February 12, 2009.

_____
Brian R. Gilchrist, Esquire
Florida Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri, Esquire
Florida Bar No. 0015698
rsanturri@addmg.com
Allen, Dyer, Doppelt,
  Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone:    407-841-2330
Facsimile:    407-841-2343

Counsel for Harris Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2009, I served a true and correct copy of the foregoing via email and U.S. Mail to:

J. Scott Anderson, Esquire
Jeffrey H. Brickman, Esquire
Charley F. Brown, Esquire
Robin L. Gentry, Esquire
Lawrence K. Nodine, Esquire
Sumner C. Rosenberg, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309

Marilyn G. Moran, Esquire
Baker & Hostetler, LLP
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida 32802-0112

_____
Ryan T. Santurri