# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRIS CORPORATION,

     Plaintiff,

v.                                        Case No. 6:07-CV-1819-ORL-28 KRS

FEDERAL EXPRESS CORPORATION,

     Defendant.

_____/

FEDERAL EXPRESS CORPORATION,

     Counterclaim Plaintiff,

v.

HARRIS CORPORATION,

     Counterclaim Defendant.

_____/

## HARRIS' RESPONSES TO FEDERAL EXPRESS' FIRST REQUESTS FOR ADMISSION

     Harris Corporation ("Harris"), through its undersigned counsel, hereby submits its Responses to Federal Express' First Requests for Admission to Harris as follows:

### REQUEST FOR ADMISSIONS OF FACT

     REQUEST NO. 1:    Admit the Expert Report of Joseph C. McAlexander III dated December 22, 2008, complies with Rule 26(a)(2) of the Federal Rules of Civil Procedure as of the date it was signed.

     RESPONSE:  Admitted.

1

REQUEST NO. 2:      Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes claims 5-16 or 21-33 of U.S. Patent 6,047,165.

RESPONSE:  Denied.


REQUEST NO. 3:      Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 5-16 or 21-33 of U.S. Patent 6,047,165.

RESPONSE:  Denied.


REQUEST NO. 4:      Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes 1-3 or 5-13 of U.S. Patent 6.308.045.

RESPONSE:  Harris is unable to admit or deny this request, as several of the claims identified do not exist in the '045 Patent.


REQUEST NO. 5:      Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 1-3 or 5-13 of U.S. Patent 6,308,045.

RESPONSE: Harris is unable to admit or deny this request, as several of the claims identified do not exist in the '045 Patent.

REQUEST NO. 6:     Admit there is no factual basis in the record to support a conclusion that the FedEx System infringes claims 2-4, 7, or 12-58 of U.S. Patent 6,104,914.

RESPONSE:  Denied.


REQUEST NO. 7:     Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 2-4, 7, or 12-58 of the U.S. Patent  6,104,914.

RESPONSE:  Denied.


REQUEST NO. 8:     Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes claims 1-30, 32-34, or 41-55 of U.S. Patent 6,154,637.

RESPONSE:  Denied.


REQUEST NO. 9:     Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 1-30, 32-34, or 41-55 of U.S. Patent 6,154,637.

RESPONSE:  Denied.

REQUEST NO. 10:  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes claims 2, 5, 7, 10, 12, 15, 17, 20, 22, 25, 27 or 30 of U.S. Patent 6,990,319.

RESPONSE:  Denied.


REQUEST NO. 11:   Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 2, 5, 7, 10, 15, 12, 17, 20, 22, 25, 27 or 30 of U.S. Patent 6,990,319.

RESPONSE:  Denied.


U.S. Patent 6,173,159

REQUEST NO. 12:   Admit You asked Joseph C. Alexander III (McAlexander) to analyze the claims of U.S. Patent 6,173,159 (the '159 patent).

RESPONSE:  Denied.


REQUEST NO. 13:   Admit You asked McAlexander to compare one or more claims of the '159 patent to the FedEx B-727 System.

RESPONSE:  Denied.


REQUEST NO. 14:   Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '159 patent.

4

RESPONSE:  Denied.

REQUEST NO. 15:    Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

RESPONSE:  Denied.

REQUEST NO. 16:    Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

RESPONSE:  Denied.

REQUEST NO. 17:    Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

RESPONSE:  Denied.

REQUEST NO. 18:    Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

RESPONSE:  Denied.

REQUEST NO. 19:    Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

RESPONSE:  Denied.


REQUEST NO. 20:    Admit Federal Express Corporation does not infringe any claim of the '159 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '159 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.


REQUEST NO. 21:    Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '159 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Moreover, Harris objects to this Request as irrelevant.  Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet.

6

As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '159 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.

REQUEST NO. 22:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes a flight management computer or equivalent.

RESPONSE:  Denied.

REQUEST NO. 23:   Admit the FedEx B-727 System does not include a flight management computer or equivalent.

RESPONSE:  Harris objects to this Request as vague and ambiguous with respect to the term "equivalent."  As such, Harris is unable to admit or deny this Request.

REQUEST NO. 24:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System is connected to a flight management computer or equivalent, or to any other onboard computer.

RESPONSE: Denied.

REQUEST NO. 25:   Admit the FedEx B-727 System is not connected to a flight management computer or equivalent, or to any other onboard computer.

RESPONSE: Denied.

REQUEST NO. 26:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System updates flight management files or equivalent onboard files.

RESPONSE:  Denied.

REQUEST NO. 27:   Admit the FedEx B-727 System does not update flight management files or equivalent onboard files.

RESPONSE:  Harris objects to this Request as vague and confusing with respect to the term "equivalent onboard files."   As such, Harris can neither admit nor deny this Request.

REQUEST NO. 28:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System receives flight navigation database files or equivalent files.

RESPONSE:  Denied.

REQUEST NO. 29:   Admit the FedEx B-727 System does not receive flight navigation database files or equivalent files.

8

RESPONSE:  Harris objects to this Request as vague and ambiguous with respect to the term "equivalent files."  Harris can neither admit nor deny this Request.


REQUEST NO. 30:    Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

RESPONSE:  Denied.

<u>U.S. Patent 6,154,636</u>

REQUEST NO. 31:    Admit You asked McAlexander to analyze the claims of U.S. Patent 6,154,636 (the '636 patent).

RESPONSE:  Denied.


REQUEST NO. 32:    Admit You asked McAlexander to compare one or more claims of the '636 patent to the FedEx B-727 System.

RESPONSE:  Denied.


REQUEST NO. 33:    Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '636 patent.

RESPONSE:  Denied.


REQUEST NO. 34:    Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

9

RESPONSE:  Denied.

REQUEST NO. 35:    Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

RESPONSE:  Denied.

REQUEST NO. 36:    Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

RESPONSE:  Denied.

REQUEST NO. 37:    Admit that, as of April 7, 2008 (the day You filed the First Amended Compliant in this Action) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

RESPONSE:  Denied.

REQUEST NO. 38:    Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

RESPONSE:  Denied.

REQUEST NO. 39:    Admit Federal Express Corporation does not infringe any claim of the '636 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '636 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.


REQUEST NO. 40:    Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '636 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '636 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.

11

REQUEST NO. 41:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System records data sufficient to calculate or otherwise obtain Out, Off, On, and In (OOOI) times.

RESPONSE:  Denied.


REQUEST NO. 42:   Admit the FedEx B-727 System does not record data sufficient to calculate or otherwise obtain OOOI times.

RESPONSE:   Based solely on the testimony of Robert Swanson and Derek Wickens, Harris acknowledges that contrary to published descriptions, as currently configured, OOOI times are not recorded.


REQUEST NO. 43:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System provides a retrievable record of OOOI times.

RESPONSE:   Denied.


REQUEST NO. 44:   Admit the FedEx B-727 System does not provide a retrievable record of OOOI times.

RESPONSE:   Based solely on the testimony of Robert Swanson and Derek Wickens, Harris acknowledges that contrary to published descriptions, as currently configured, OOOI times are not recorded.


REQUEST NO. 45:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System calculates OOOI times.

12

RESPONSE:  Denied.


REQUEST NO. 46:    Admit the FedEx B-727 System does not calculate OOOI times.

RESPONSE:   Based solely on the testimony of Robert Swanson and Derek Wickens, Harris acknowledges that contrary to published descriptions, as currently configured, OOOI times are not recorded.


REQUEST NO. 47:    Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

RESPONSE:  Denied.


U.S. Patent 6,308,044

REQUEST NO. 48:    Admit the application that issued as U.S. Patent 6,308,044 (the '044 patent) was a continuation of the application that issued as the '636 patent.

RESPONSE:  Admitted.


REQUEST NO. 49:    Admit You asked McAlexander to analyze the claims of the '044 patent.

RESPONSE:  Denied.

REQUEST NO. 50:   Admit You asked McAlexander to compare one or more claims of the '044 patent to the FedEx B-727 System.

RESPONSE:  Denied.


REQUEST NO. 51:   Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '044 patent.

RESPONSE:  Denied.


REQUEST NO. 52:   Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

RESPONSE:  Denied.


REQUEST NO. 53:   Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

RESPONSE:  Denied.


REQUEST NO. 54:   Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action) there was no factual basis to support an allegation that the FedEx System infringes any claim of the '044 patent.

RESPONSE:  Denied.

14

REQUEST NO. 55:   Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

RESPONSE:  Denied.


REQUEST NO. 56:   Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

RESPONSE:  Denied.


REQUEST NO. 57:   Admit Federal Express Corporation does not infringe any claim of the '044 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '044 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.

REQUEST NO. 58:   Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '044 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '044 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.

REQUEST NO. 59:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System records data sufficient to calculate or otherwise obtain Out, Off, On and In (OOOI) times.

RESPONSE:  Denied.

REQUEST NO. 60:   Admit the FedEx B-727 System does not record data sufficient to calculate or otherwise obtain OOOI times.

RESPONSE:   Based solely on the testimony of Robert Swanson and Derek Wickens, Harris acknowledges that contrary to published descriptions, as currently configured, OOOI times are not recorded.

16

REQUEST NO. 61:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System provides a retrievable record of OOOI times.

RESPONSE:  Denied.


REQUEST NO. 62:   Admit the FedEx B-727 System does not provide a retrievable record of OOOI times.

RESPONSE:   Based solely on the testimony of Robert Swanson and Derek Wickens, Harris acknowledges that contrary to published descriptions, as currently configured, OOOI times are not recorded.


REQUEST NO. 63:   Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, does not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

RESPONSE:  Denied.


U.S. Patent 6,775,545

REQUEST NO. 64:   Admit You asked McAlexander to analyze the claims of U.S. Patent 6,775,545 (the '545 patent).

RESPONSE:  Denied.


REQUEST NO. 65:   Admit You asked McAlexander to compare one or more claims of the '545 patent to the FedEx B-727 System.

17

RESPONSE:  Denied.


REQUEST NO. 66:    Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '545 patent.

RESPONSE:  Denied.


REQUEST NO. 67:    Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

RESPONSE:  Denied.


REQUEST NO. 68:    Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

RESPONSE:  Denied.


REQUEST NO. 69:    Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

RESPONSE:  Denied.


REQUEST NO. 70:    Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

18

RESPONSE:  Denied.


REQUEST NO. 71:   Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

RESPONSE:  Denied.


REQUEST NO. 72:   Admit Federal Express Corporation does not infringe any claim of the '545 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '545 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.


REQUEST NO. 73:   Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '545 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '545 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.


REQUEST NO. 74:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System adjusts its wireless transmission parameters based on an interrogation beacon as recited in one or more claims of the '545 patent.

RESPONSE:  Denied.


REQUEST NO. 75:   Admit the FedEx B-727 System does not adjust its wireless transmission parameters based on an interrogation beacon as recited in one or more claims of the '545 patent.

RESPONSE:  Denied.


REQUEST NO. 76:   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System adjusts its wireless transmission parameters based on location.

20

RESPONSE:  Denied.


REQUEST NO. 77:   Admit the FedEx B-727 System does not adjust its wireless transmission parameters based on location.

RESPONSE:  Denied.


REQUEST NO. 78:   For each method claim of the '545 patent, admit the steps must be performed in the order recited in the claim.

RESPONSE:  Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.


REQUEST NO. 79:   For each method claim of the '545 patent, admit that, for at least one embodiment of the claimed method, the steps must be performed in the order recited in the claim.

RESPONSE:  Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.


REQUEST NO. 80:   For each method claim of the '545 patent, admit that, for the method to accomplish the functions recited, the steps must be performed in the order recited in the claim.

RESPONSE:  Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.

REQUEST NO. 81:   For each method claim of the '545 patent, admit the functions recited would not be accomplished unless the steps were performed in the order recited in the claim.

RESPONSE:  Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.

REQUEST NO. 82:   For each method claim of the '545 patent, admit the claim would not be infringed by another unless the steps were performed in the order recited in the claim.

RESPONSE:   Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.

REQUEST NO. 83:   Admit the "interrogation beacon" as recited in one or more claims of the '545 patent is a feature taught or disclosed in the IEEE 802.11 standard.

RESPONSE:  Denied.

REQUEST NO. 84:   Admit the "interrogation beacon" as recited in one or more claims of the '545 patent is a feature taught or disclosed in ARINC Characteristic 763.

RESPONSE:  Denied.


REQUEST NO. 85:   Admit James Ziarno did not invent the "interrogation beacon" or equivalent feature that is taught or disclosed in the IEEE 802.11 standard.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris is unaware of an "interrogation beacon" being identified in the IEEE 802.11 standard.  Notwithstanding these objections, Harris admits that James Ziarno is an inventor of methods that claim use of an interrogation beacon, such as those disclosed in the '545 Patent.


REQUEST NO. 86:   Admit Thomas Wright did not invent the "interrogation beacon" or equivalent feature that is taught or disclosed in the IEEE 802.11 standard.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris is unaware of an "interrogation beacon" being identified in the IEEE 802.11 standard.  Notwithstanding these objections, Harris admits that Thomas Wright is an inventor of methods that claim use of an interrogation beacon, such as those disclosed in the '545 Patent.


REQUEST NO. 87:   Admit James Ziarno did not invent the "interrogation beacon" or equivalent feature that is taught or disclosed in ARINC Characteristic 763.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and

23

compound.  Harris is unaware of an "interrogation beacon" being identified in ARINC Characteristic 763.  Notwithstanding these objections, Harris admits that James Ziarno is an inventor of methods that claim use of an interrogation beacon, such as those disclosed in the '545 Patent.

REQUEST NO. 88:   Admit Thomas Wright did not invent the "interrogation beacon" or equivalent feature that is taught or disclosed in ARINC Characteristic 763.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris is unaware of an "interrogation beacon" being identified in ARINC Characteristic 763.  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris is unaware of an "interrogation beacon" being identified in ARINC Characteristic 763.  Notwithstanding these objections, Harris admits that Thomas Wright is an inventor of methods that claim use of an interrogation beacon, such as those disclosed in the '545 Patent.

REQUEST NO. 89:   Admit James Ziarno did not invent the method step of transmitting an "interrogation beacon" as recited in claim 1 of the '545 patent.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris further objects to this Request as seeking legal analysis and a legal conclusion.  Harris admits that James Ziarno is an inventor of the method claimed in Claim 1 of the '545 Patent.

REQUEST NO. 90:   Admit Thomas Wright did not invent the method step of transmitting an "interrogation beacon" as recited in claim 1 of the '545 patent.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris further objects to this Request as seeking legal analysis and a legal conclusion.  Harris admits that Thomas Wright is an inventor of the method claimed in Claim 1 of the '545 Patent.

REQUEST NO. 91:   Admit James Ziarno did not invent the method step of adjusting transmission parameters in response to receipt of an "interrogation beacon" as recited in claim 1 of the '545 patent.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris further objects to this Request as seeking legal analysis and a legal conclusion.  Harris admits that James Ziarno is an inventor of the method claimed in Claim 1 of the '545 Patent.

REQUEST NO. 92:   Admit Thomas Wright did not invent the method step of adjusting transmission parameters in response to receipt of an "interrogation beacon" as recited in claim 1 of the '545 patent.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris further objects to this Request as seeking legal analysis and a legal conclusion.  Harris admits that Thomas Wright is an inventor of the method claimed in Claim 1 of the '545 Patent.

REQUEST NO. 93:   Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

RESPONSE:  Denied

## U.S. Patent 6,108,523

REQUEST NO. 94:   Admit You asked McAlexander to analyze the claims of U.S. Patent 6,108,523 (the '523 patent).

RESPONSE:  Denied.


REQUEST NO. 95:   Admit You asked McAlexander to compare one or more claims of the '523 patent to the FedEx B-727 System.

RESPONSE:  Denied.


REQUEST NO. 96:   Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 97:   Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

RESPONSE:  Denied.

REQUEST NO. 98:    Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 99:    Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 100:   Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 101:   Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 102:  Admit Federal Express Corporation does not infringe any claim of the '523 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential

infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '523 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.

REQUEST NO. 103:   Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '523 patent.

RESPONSE:  Harris objects to this Request as seeking a purely legal conclusion. Harris objects to this Request as irrelevant.  Moreover, Harris has not analyzed potential infringement of any FedEx system other than the systems found on FedEx's B727 fleet. As such, Harris can neither admit nor deny this Request.  However, for purposes of assisting the Court and jury with understanding the issues, economy and trial management, Harris' counsel made the strategic decision not to move forward with those claims not addressed in the expert opinions of Mr. McAlexander.  As such, for strategic purposes, infringement of the '523 Patent by FedEx in its 727 air fleet is no longer at issue in this litigation.

REQUEST NO. 104:  Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 105:  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with a remote flight operations control center or equivalent facility.

RESPONSE:  Denied.


REQUEST NO. 106:  Admit the FedEx B-727 System does not include or communicate with a remote flight operations control center or equivalent facility.

RESPONSE:  Denied.


REQUEST NO. 107:  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with an airport-based communications network or equivalent network as recited in claim 1 of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 108:  Admit the FedEx B-727 System does not include or communicate with an airport-based communications network or equivalent network as recited in claim 1 of the '523 patent.

RESPONSE:  Denied.

29

REQUEST NO. 109:  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with an airport-based processor or equivalent, as recited in claim 1 of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 110:  Admit the FedEx B-727 System does not include or communicate with an airport-based processor or equivalent, as recited in claim 1 of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 111:  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with an airport-based archival data store or equivalent, as recited in claim of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 112:  Admit the FedEx B-727 System does not include or communicate with an airport-based archival data store or equivalent, as recited in claim 1 of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 113:  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with an airport-based

wideband spread spectrum transceiver or equivalent, as recited in claim 1 of the '523 patent.

RESPONSE:  Denied.


REQUEST NO. 114:  Admit the FedEx B-727 System does not include or communicate with an airport-based wideband spread transceiver or equivalent, as recited in claim 1 of the '523 patent.

RESPONSE:  Denied.


U.S. Patent 6,154,637

REQUEST NO. 115:  Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of U.S. Patent 6,154,637 (the '637 patent).

RESPONSE:  Denied.


REQUEST NO. 116:  Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '637 patent.

RESPONSE:  Denied.


REQUEST NO. 117:   Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '637 patent.

31

RESPONSE:  Denied.


REQUEST NO. 118:  Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed) there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '637 patent.

RESPONSE:  Denied.


REQUEST NO. 119:  Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '637 patent.

RESPONSE:  Denied.


REQUEST NO. 120:   Admit Federal Express Corporation does not infringe any claim of the '637 patent.

RESPONSE:  Denied.


REQUEST NO. 121:  Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '637 patent.

RESPONSE:  Denied.

REQUEST NO. 122:  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System selects a channel based on receipt of a probe beacon.

RESPONSE:  Denied.


REQUEST NO. 123:  Admit the FedEx B-727 System does not select a channel based on receipt of a probe beacon.

RESPONSE:  Denied.


REQUEST NO. 124:  For each method claim of the'637 patent, admit the steps must be performed in the order recited in the claim.

RESPONSE:   Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.


REQUEST NO. 125:  For each method claim of the '637 patent, admit that, for at least one embodiment of the claimed method, the steps must be performed in the order recited in the claim.

RESPONSE:   Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.

REQUEST NO. 126:  For each method claim of the '637 patent, admit that, for the method to accomplish the functions recited, the steps must be performed in the order recited in the claim.

Response:  Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.

REQUEST NO. 127:  For each method claim of the '637 patent, admit the functions recited would not be accomplished unless the steps were performed in the order recited in the claim.

RESPONSE:  Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.

REQUEST NO. 128:  For each method claim of the '637 patent, admit the claim would not be infringed by another unless the steps were performed in the order recited in the claim.

RESPONSE:  Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.

REQUEST NO.129:  For each method claim of the '637 patent, admit the claim is indefinite unless the steps must be performed in the order recited in the claim.

RESPONSE:  Harris objects to this Request as it is a hypothetical that seeks a purely legal conclusion, and such a Request is improper to be provided in a Request for Admission.


REQUEST NO. 130:  For claim 31 of the '637 patent, admit that performing the step of "downloading the flight performance data" before performing the step of "transmitting a probe beacon…and selecting a sub-band frequency channel based on receipt of the probe beacon" would not necessarily result in the downloading of flight performance data on the selected sub-band frequency channel.

RESPONSE:   Harris objects to this Request as confusing, hypothetical, contradictory and impossible to answer as drafted.  As such, Harris must deny this Request.


REQUEST NO. 131:  For claim 31 of '637 patent, admit that performing the step of "transmitting a probe beacon…and selecting a sub-band frequency channel based on receipt of the probe beacon" after performing the step of "downloading the flight performance data" would not necessarily result in the downloading of flight performance date on the selected sub-band frequency channel.

RESPONSE:   Harris objects to this Request as confusing, hypothetical, contradictory and impossible to answer as drafted.  As such, Harris must deny this Request.

REQUEST NO. 132:  For claim 31 of the '637 patent, admit performing the step of  "transmitting a probe beacon…and selecting a sub-band frequency channel based on receipt of the probe beacon" after performing the step of "downloading the flight performance data" has no useful application.

RESPONSE:   Harris objects to this Request as confusing, hypothetical, contradictory and impossible to answer as drafted.   As such, Harris must deny this Request.

REQUEST NO. 133:  Admit the "probe beacon" as recited in one or more claims of the '637 patent is a feature taught or disclosed in the IEEE 802.11 standard.

RESPONSE: Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris is unaware of a "probe beacon" being identified as such in the IEEE 802.11 standard, thus Harris must deny the Request.

REQUEST NO. 134:  Admit James Ziarno did not invent the "probe beacon" or equivalent feature that is taught or disclosed in IEEE 802.11 standard.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.   Harris is unaware of a "probe beacon" being identified in IEEE 802.11 standard.   Notwithstanding these objections, Harris admits that James Ziarno is an inventor of methods that claim use of a probe beacon, such as those disclosed in the '637 Patent.

36

REQUEST NO. 135:  Admit Thomas Wright did not invent the "probe beacon" or equivalent feature that is taught or disclosed in the IEEE 802.11 standard.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris is unaware of a "probe beacon" being identified in IEEE 802.11 standard.  Notwithstanding these objections, Harris admits that Thomas Wright is an inventor of methods that claim use of a probe beacon, such as those disclosed in the '637 Patent.


REQUEST NO. 136:  Admit James Ziarno did not invent the method step of transmitting a "probe beacon" as recited in claim 31 of the '637 patent.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris further objects to this Request as seeking legal analysis and a legal conclusion.  Harris admits that James Ziarno is an inventor of the method claimed in Claim 31 of the '637 Patent.


REQUEST NO. 137:  Admit Thomas Wright did not invent the method step of transmitting a "probe beacon" as recited in claim 31, of the '637 patent.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris further objects to this Request as seeking legal analysis and a legal conclusion.  Harris admits that Thomas Wright is an inventor of the method claimed in Claim 31 of the '637 Patent.


37

REQUEST NO. 138:  Admit James Ziarno did not invent the method step of "selecting a sub-band frequency channel based on receipt of the probe beacon" as recited in claim 31 of the '637 patent.

RESPONSE: Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris further objects to this Request as seeking legal analysis and a legal conclusion.  Harris admits that James Ziarno is an inventor of the method claimed in Claim 31 of the '637 Patent.


REQUEST NO. 139:  Admit Thomas Wright did not invent the method step of "selecting a sub-band frequency channel based on receipt of the probe beacon" as recited in claim 31 of the '637 patent.

RESPONSE: Harris objects to this Request as vague, ambiguous, confusing and compound.  Harris further objects to this Request as seeking legal analysis and a legal conclusion.  Harris admits that Thomas Wright is an inventor of the method claimed in Claim 31 of the '637 Patent.


U.S. Patent 6,047,165

REQUEST NO. 140:  Admit the Abstract of U.S. Patent 6,047,165 (the '165 patent) begins with the sentence, "A flight information communication system has a plurality of RF direct sequence spread spectrum ground data links that link respective aircraft-resident subsystems, in each of which a copy of its flight performance data is stored, with airport-located subsystems."

RESPONSE:  Admitted.

38

REQUEST NO. 141:  Admit that no claim of the '165 patent recites "aircraft-resident" components or method steps.

RESPONSE:  Harris objects to this Request because it is hypothetical and seeks a purely legal conclusion as to claim construction that is properly within the province of the Court, thus it is improper to seek in a Request for Admission.


REQUEST NO. 142:  Admit that no claim of the '165 patent recites "airport-resident" components or method steps.

RESPONSE:  Harris objects to this Request because it is hypothetical and seeks a purely legal conclusion as to claim construction that is properly within the province of the Court, thus it is improper to seek in a Request for Admission.


REQUEST NO. 143:  Admit that no claim of the '165 patent recites "airport-located" components or method steps.

RESPONSE:  Harris objects to this Request because it is hypothetical and seeks a purely legal conclusion as to claim construction that is properly within the province of the Court, thus it is improper to seek in a Request for Admission.


REQUEST NO. 144:  Admit the phrase "first ground based widespread spectrum transceiver" recited in claim 27 of the '165 patent has a different meaning that the phrase "airport based spread spectrum transceiver" recited in claim 23 of the '165 patent.

RESPONSE:  Harris objects to this Request because it is hypothetical and seeks a purely legal conclusion as to claim construction that is properly within the province of the Court, thus it is improper to seek in a Request for Admission.

REQUEST NO. 145:  Admit the term "ground based" recited in claim 27 of the '165 patent has a different meaning than the term "airport-based" recited in claim 23 of the '165 patent.

RESPONSE:  Harris objects to this Request because it is hypothetical and seeks a purely legal conclusion as to claim construction that is properly within the province of the Court, thus it is improper to seek in a Request for Admission.

REQUEST NO. 146:  Admit the phrase "first ground based wideband spread spectrum transceiver" recited in claim 22 of the '165 patent has a different meaning than the phrase "airport-based spread spectrum transceiver" recited in claim 17 of the '165 patent.

RESPONSE:  Harris objects to this Request because it is hypothetical and seeks a purely legal conclusion as to claim construction that is properly within the province of the Court, thus it is improper to seek in a Request for Admission.

REQUEST NO. 147:  Admit the term "ground based" recited in claim 22 of the '165 patent has a different meaning than the term "airport-based" recited in claim 17 of the '165 patent.

RESPONSE:  Harris objects to this Request because it is hypothetical and seeks a purely legal conclusion as to claim construction that is properly within the province of the Court, thus it is improper to seek in a Request for Admission.

U.S. Patent 6,990,319

REQUEST NO 148:  Admit the step of "continuously monitoring the flight performance of the aircraft during an entire flight of the aircraft from at least take-off to landing" was added in its entirety to claim 59 by amendment during prosecution of U.S. Patent 6,990,319 (the '319 patent).

RESPONSE:  Denied.

REQUEST NO. 149:  Admit the step of "continuously monitoring the flight performance of the aircraft during an entire flight of the aircraft from at least take-off to landing" was added in its entirety to claim 59 by amendment during prosecution of U.S. Patent 6,990.319 (the '319 patent) for a reason related to the patentability of claim 59.

RESPONSE:  Harris objects to this Request as seeking information protected by the attorney client and work product privileges.  Moreover, Harris objects to this Request as seeking a purely legal analysis and conclusion thus it is improper to seek in a Request for Admission.

REQUEST NO. 150:  Admit the phrase "during an entire flight of the aircraft" was added to the step of "generating data pertaining to the aircraft" in claim 59 amendment during prosecution of the '319 patent.

41

RESPONSE:  Admitted.

REQUEST NO. 151:  Admit the phrase "during an entire flight of the aircraft" was added to the step of "generating data pertaining to the aircraft" in claim 59 by amendment during prosecution of the '319 patent for a reason related to the patentability of claim 59.

RESPONSE:  Harris objects to this Request as seeking information protected by the attorney client and work product privileges.  Moreover, Harris objects to this Request as seeking a purely legal analysis and conclusion thus it is improper to seek in a Request for Admission.

REQUEST NO. 152:  Admit the step "generating data pertaining to the aircraft during an entire flight of the aircraft" in claim 59 was amended to read "generating aircraft data representative of the continuously monitored aircraft flight performance during an entire flight of the aircraft from at least take-off to landing" during prosecution of the '319 patent.

RESPONSE:  Denied.

REQUEST NO. 153:  Admit the step "generating data pertaining to the aircraft during an entire flight of the aircraft" in claim 59 was amended to read "generating aircraft data representative of the continuously monitored aircraft flight performance during an entire flight of the aircraft from at least take-off to landing" during prosecution of the '319 patent for a reason related to the patentability of claim 59.

42

RESPONSE:    Harris objects to this Request as seeking information protected by the attorney client and work product privileges.  Moreover, Harris objects to this Request as seeking a purely legal analysis and conclusion thus it is improper to seek in a Request for Admission.

REQUEST NO. 154:  Admit the step "accumulating the generated aircraft data within a ground data link unit positioned within the aircraft" in claim 59 was amended to read "accumulating the generated aircraft data within a ground data link unit positioned within the aircraft during the entire flight of the aircraft" during prosecution of the '319 patent

RESPONSE:  Admitted.

REQUEST NO. 155:  Admit the step "accumulating the generated aircraft data within a ground data link positioned within the aircraft" in claim 59 was amended to read "accumulating the generated aircraft data within a ground data link unit positioned within the aircraft during the entire flight of the aircraft" during prosecution of the '319 patent for a reason related to the patentability of claim 59.

RESPONSE:  Harris objects to this Request as seeking information protected by the attorney client and work product privileges.  Moreover, Harris objects to this Request as seeking a purely legal analysis and conclusion thus it is improper to seek in a Request for Admission.

43

REQUEST NO. 156:  Admit claim 59 of the application issued as claim 1 of the '319 patent.

RESPONSE:  Admitted.


REQUEST NO. 157:  Admit claim 96 of the application issued as claim 21 of the '319 patent.

RESPONSE:  Admitted.


REQUEST NO. 158:  Admit claim 96 of the application issued was a new claim, added in its entirety, during prosecution of the '319 patent.

RESPONSE:  Harris objects to this Request as vague, ambiguous and confusing as to the meaning of the phrase "added in its entirety."  Harris admits that claim 96 was added to Application No. 10/360,447 on or about June 20, 2005.


REQUEST NO. 159:  Admit claim 96 of the application was a new claim, added in its entirety, during prosecution of the '319 patent for a reason related to the patentability of claim 96.

RESPONSE:  Harris objects to this Request as vague, ambiguous, confusing and nonsensical.  Harris objects to this Request as seeking information protected by the attorney client and work product privileges.  Moreover, Harris objects to this Request as seeking a purely legal analysis and conclusion thus it is improper to seek in a Request for Admission.

44

Dated this 11th day of February, 2009.

Brian R. Gilchrist, Esquire
Florida Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri, Esquire
Florida Bar No. 0015698
rsanturri@addmg.com
Allen, Dyer, Doppelt,
  Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone:    407-841-2330
Facsimile:    407-841-2343

Counsel for Harris Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on February 11th, 2009, I served a true and correct copy of the foregoing via Electronic and U.S. Mail to:

J. Scott Anderson, Esquire
Jeffrey H. Brickman, Esquire
Charley F. Brown, Esquire
Robin L. Gentry, Esquire
Lawrence K. Nodine, Esquire
Sumner C. Rosenberg, Esquire
Ballard Spahr Andrews Ingersoll, LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia  30309

Marilyn G. Moran, Esquire
Baker & Hostetler, LLP
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida  32802-0112

Ryan P. Santurri

46