# Exhibit 15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HARRIS CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 6:07-cv-1819-Orl-28 KRS |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |
| FEDERAL EXPRESS CORPORATION, | |
| Counterclaim Plaintiff, | |
| v. | |
| HARRIS CORPORATION, | |
| Counterclaim Defendant. | |

## FEDERAL EXPRESS CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff, Federal Express Corporation ("Federal Express"), provides the following responses to "Plaintiff's First Set of Interrogatories to Defendant," numbered 1 through 10 ("Plaintiff's Interrogatories").

### PRELIMINARY STATEMENT

Federal Express has not completed its discovery, investigation, research, and trial preparation. The following responses are based upon information and writings presently

available to and located by Federal Express and its attorneys, and such responses are made based on Federal Express's reasonable interpretation of each interrogatory. The answers herein to the interrogatories are given without prejudice to Federal Express's right to produce evidence of any additional facts. Discovery in this matter is ongoing, and Federal Express reserves the right to amend, revise, correct, supplement or clarify any of the responses based on any facts or information obtained at any time subsequent to this response, or if any inadvertent errors, mistakes or omissions should be found, to amend, revise or correct such errors, mistakes or omissions.

Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are Expressly reserved and may be interposed at the time of trial.

Federal Express's responses shall not be deemed to constitute admissions that (a) any particular document or thing exists, is relevant, non-privileged, or admissible into evidence, or (b) any statement or characterization in an interrogatory is accurate or complete.

No incidental or implied admissions are intended by the responses herein. The fact that Federal Express has answered or objected to any interrogatory should not be taken as an admission that Federal Express accepts or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that Federal Express has answered

part or all of any interrogatory is not intended to be, and shall not be construed to be, a

waiver by Federal Express of any part of any objection to the interrogatory.

## GENERAL OBJECTIONS

1.      Federal Express objects to every one of Plaintiff's Interrogatories –

including but not limited to the "Definitions and Instructions" set forth in Plaintiff's

Interrogatories – to the extent they purport to impose requirements that are different from,

or in addition to, those imposed by the Federal Rules of Civil Procedure or other

applicable rule or statute.  Federal Express further objects to Plaintiff's "Definitions and

Instructions" as being overly broad, vague, and ambiguous.

2.      Federal Express objects to Plaintiff's Interrogatories to the extent that they

seek or call for information protected by the attorney-client privilege and/or protected by

the work-product doctrine, or that are subject to any other applicable privilege.  To the

extent that Plaintiff's Interrogatories seek material reflecting attorney-client

communications and/or material protected by the work-product doctrine, each such

interrogatory is overbroad and seeks information that is beyond the scope of discovery

permitted by the Federal Rules of Civil Procedure.  Federal Express will not divulge

information that is protected from discovery by the attorney-client privilege or by the

work-product doctrine.  Such responses as may hereafter occur shall not include any

information protected by such privileges or doctrines, and any inadvertent disclosure of

the same shall neither be deemed nor constitute a waiver of such privileges.

3.      Federal Express objects to the extent that Plaintiff's Interrogatories seek

information that is confidential, sensitive, proprietary business information, and/or trade

secrets which are specifically excluded from discovery under the applicable Federal Rules of Civil Procedure. Federal Express shall make responsive information currently in its possession, custody or control available only after a suitable Protective Order or Confidentiality Agreement is in place.

4.      Federal Express objects to the extent that Plaintiff's Interrogatories seek information that is confidential, sensitive, proprietary business information, and/or trade secrets belonging to a third party. Unless ordered by the Court to do so, Federal Express will not divulge such information to the extent that it is under any obligation to maintain such third-party information in confidence and not to disclose it, unless the third party grants permission to do so.

5.      Federal Express objects to Plaintiff's Interrogatories to the extent that they fail to specify the information they seek with reasonable particularity.

6.      Federal Express objects to Plaintiff's Interrogatories as uncertain, overbroad, and unduly burdensome to the extent that many interrogatories fail to specify any specific time period, and accordingly, are not limited to events relevant to this lawsuit.

7.      Federal Express objects to Plaintiff's Interrogatories to the extent they are compound and actually include multiple interrogatories.

8.      Federal Express will respond to Plaintiff's Interrogatories with information in its possession, custody or control which is reasonably responsive to each interrogatory to the extent not specifically or generally objected to; therefore, Federal Express objects to Plaintiff's Interrogatories to the extent they purport to call for

768420                                          4

information not in its actual possession, custody or control.  Federal Express objects to

Plaintiff's Interrogatories to the extent they purport to require Federal Express to identify

and/or otherwise provide information with respect to documents no longer in its

possession, custody or control on the grounds that they seek to impose requirements

and/or obligations inconsistent with and in addition to the Federal Rules of Civil

Procedure which are unduly burdensome and oppressive.

       9.     Federal Express objects to each interrogatory to the extent it seeks

information that is publicly available and/or as easily obtained by the Federal Express as

by the Federal Express, on the grounds that such interrogatories are overly broad and

unduly burdensome.

      10.    Federal Express objects to each interrogatory to the extent it is premature

and seeks information or admissions regarding facts that Federal Express has not yet had

an opportunity to investigate through discovery.

      11.    Federal Express objects to the definitions of the terms "you" and "your"

contained in the "Definitions and Instructions" section of Plaintiff's Interrogatories to the

extent that such definitions include Federal Express's "predecessor, successor, division,

subsidiary, officer, director, shareholder, employee, or principal thereof, and any attorney

or other agent acting on its behalf" on the grounds that such definitions are vague and

ambiguous, irrelevant to the underlying litigation, contrary to the common everyday

definition of such terms, call for a legal conclusion, call for defendants to make

determinations without adequate foundation, and render the interrogatories overbroad,

unduly burdensome and oppressive.

12.     Federal Express objects to the definition of the term "document" contained in the "Definitions and Instructions" section of Plaintiff's Interrogatories to the extent it purports to impose obligations beyond those imposed by law, and to the extent that it seeks information that is not reasonably accessible, or would pose an unreasonable and undue annoyance, burden, or expense on Federal Express.

13.     Federal Express objects to the definitions of the terms "identity" or "identify" contained in the "Definitions and Instructions" section of Plaintiff's Interrogatories on the grounds that such definitions are vague, ambiguous, contrary to the common everyday definition of such terms, and render the interrogatories overbroad, unduly burdensome and oppressive.

14.     Federal Express objects to Plaintiff's Interrogatories on the grounds that Plaintiff has not yet identified any accused device or system of Federal Express that forms the basis of Plaintiff's allegations of infringement.  Because no specific device or system has been accused, Federal Express objects to these Interrogatories on the grounds and to the extent that they seek information that is not relevant to the claims or defenses of any party, and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

The foregoing General Objections are incorporated by reference into each of the following individual Responses, as though fully set forth therein, even though not specifically referred to in such Response.  Subject to and without waiving these General Objections, Federal Express sets forth its specific objections and answers to the numbered interrogatories below.

## SPECIFIC OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1:

Please identify any systems, including the Totally Integrated Technical Aircraft Network (TITAN) system, that assist in establishing wireless communications between an aircraft owned or operated by you, when that aircraft is on the ground, and airport-based ground equipment, and identify, by model name and number, every product of component of each such system.

RESPONSE TO INTERROGATORY NO. 1:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections as if fully set forth in this response.

Federal Express objects to this Interrogatory on the grounds that Plaintiff has not yet identified any accused device or system of Federal Express that forms the basis of Plaintiff's allegations of infringement.  Because no specific device or system has been accused, Federal Express objects to this Interrogatory on the grounds and to the extent that it seeks information that is not relevant to the claims or defenses of any party, and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Federal Express objects to this Interrogatory on the grounds that it is compound and actually includes at least two (2) interrogatories.  Federal Express objects to this Interrogatory to the extent it seeks confidential, sensitive, or proprietary business information or trade secrets.  Federal Express objects to this Interrogatory on the grounds that the phrase "assist in establishing wireless communications" is vague and ambiguous

which, consequently, renders this Interrogatory uncertain and overbroad, and makes answering it unduly burdensome and oppressive. Federal Express objects to this Interrogatory on the grounds that the terms "airport-based" and "airport-based ground equipment" are vague and ambiguous. Additionally, the term "airport-based" is a claim term, which has not yet been construed by the Court. Federal Express objects to this Interrogatory on the grounds to the extent that answering this Interrogatory would require Federal Express to speculate about the meaning of these phrases and terms, reach a legal conclusion, and then analyze or test multiple components and systems. The Interrogatory as written may be understood to seek information about all the different types of wireless and radio equipment (including wireless telephones, for example) used onboard Federal Express aircraft, at any time, inside the aircraft or on the ground, at any location worldwide. Federal Express operates more than 650 aircraft and serves more than 375 airports worldwide. Because this Interrogatory is overly broad, responding to it would be unduly burdensome and oppressive. Without additional guidance from Plaintiff, this Interrogatory cannot be answered in full.

Subject to and without waiving the foregoing general and specific objections, and based upon Federal Express's understanding of this Interrogatory, Federal Express states that the TITAN system is involved in communications between equipment onboard aircraft and equipment on the ground. Pursuant to Rule 33(d), Federal Express will make available for inspection at a mutually agreeable time and place those relevant, non-privileged documents that are related to the TITAN system and its components.

INTERROGATORY NO. 2:

Please identify all aircraft owned or operated by you that contain any component identified in response to Interrogatory No. 1.

RESPONSE TO INTERROGATORY NO. 2:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections and its answer to Interrogatory No. 1 as if fully set forth in this response. Without additional guidance from Plaintiff regarding Interrogatory No. 1, this Interrogatory cannot be answered in full.

Subject to and without waiving the foregoing general and specific objections, and based upon Federal Express's understanding of this Interrogatory and Interrogatory No. 1, Federal Express will make available for inspection pursuant to Rule 33(d) at a mutually agreeable time and place those relevant, non-privileged documents that are related to the TITAN system and the aircraft that contain components of the TITAN system.

INTERROGATORY NO. 3:

Please identify any airport where you own, control or operate ground-based communications equipment used to communicate with or transfer data to or from any aircraft identified in response to Interrogatory No. 2.

RESPONSE TO INTERROGATORY NO. 3:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections and its answer to Interrogatory No. 1 as if

fully set forth in this response.  Without additional guidance from Plaintiff regarding Interrogatory No. 1, this Interrogatory cannot be answered in full.

Subject to and without waiving the foregoing general and specific objections, and based upon Federal Express's understanding of this Interrogatory and Interrogatory No. 1, Federal Express will make available for inspection pursuant to Rule 33(d) at a mutually agreeable time and place those relevant, non-privileged documents that are related to the TITAN system and the airports where components of the TITAN system are located.

INTERROGATORY NO. 4:

Please identify all wireless communications components purchased from Avionica, Inc., and from Teledyne Controls, Wichita Inc. and the aircraft on which each component is installed.

RESPONSE TO INTERROGATORY NO. 4:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections as if fully set forth in this response.

Federal Express objects to this Interrogatory on the grounds that Plaintiff has not yet identified any accused device or system of Federal Express that forms the basis of Plaintiff's allegations of infringement.  Because no specific device or system has been accused, Federal Express objects to this Interrogatory on the grounds and to the extent that it seeks information that is not relevant to the claims or defenses of any party, and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Federal Express objects to this Interrogatory on the grounds that it is compound and actually includes at least three (3) interrogatories.  Federal Express objects to this Interrogatory to the extent it seeks confidential, sensitive, or proprietary business information or trade secrets.  Federal Express objects to this Interrogatory on the grounds that, as written, it is vague and ambiguous.  Federal Express objects to this Interrogatory on the grounds that the phrase "all wireless communications components" is uncertain and overly broad, at least because it includes no time limitation.  The Interrogatory as written may be understood to seek information about all the different types of radio equipment used by Federal Express, at any time, in its aircraft or on the ground, at any location worldwide.  Federal Express operates more than 650 aircraft and serves more than 375 airports worldwide.  Because this Interrogatory is overly broad, responding to it would be unduly burdensome and oppressive.  Without additional guidance from Plaintiff, this Interrogatory cannot be answered in full.

Subject to and without waiving the foregoing general and specific objections, and based on Federal Express's understanding of this Interrogatory, Federal Express identifies the following products purchased from Avionica:  (1) the Avionica Securelink Router, part number 804-0500, and (2) the Avionica MiniQAR, part number 804-0105.  The Avionica products are installed on select Boeing 727 aircraft in the Federal Express fleet.  Pursuant to Rule 33(d), Federal Express will make available for inspection at a mutually agreeable time and place those relevant, non-privileged documents that are related to the Avionica products and documents identifying the 727 aircraft on which Avionica products are installed.

INTERROGATORY NO. 5:

Please identify the individuals who were responsible for the design and implementation of the systems identified in response to Interrogatory No. 1.

RESPONSE TO INTERROGATORY NO. 5:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections and its answer to Interrogatory No. 1 as if fully set forth in this response.  Without additional guidance from Plaintiff regarding Interrogatory No. 1, this Interrogatory cannot be answered in full.

Federal Express further objects to this interrogatory to the extent it seeks information not within its possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, and based on Federal Express's understanding of this Interrogatory and Interrogatory No. 1, Federal Express states that the TITAN system is involved in communications between equipment onboard aircraft and equipment on the ground.  Pursuant to Rule 33(d), Federal Express will make available for inspection at a mutually agreeable time and place those relevant, non-privileged documents that are related to the TITAN system and persons responsible for the TITAN system.

INTERROGATORY NO. 6:

State the basis for your contention that you do not infringe any of the Patents-in-Suit, including claim charts demonstrating your contention and identify any documents you intend to reply on in support of your contention.

RESPONSE TO INTERROGATORY NO. 6:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections as if fully set forth in this response.

Federal Express objects to this Interrogatory on the grounds that Plaintiff has not yet identified any accused device or system of Federal Express that forms the basis of Plaintiff's allegations of infringement.  Because no specific device or system has been accused, Federal Express objects to this Interrogatory on the grounds and to the extent that it seeks information that is not relevant to the claims or defenses of any party, and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Federal Express objects to this Interrogatory to the extent it seeks or otherwise calls for information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege.  Plaintiff is asserting 8 patents, including 331 claims. Federal Express further objects to this Interrogatory on the grounds that answering it would require Federal Express to (1) speculate about which devices or systems might be accused as infringing by Plaintiff, (2) speculate about which claims might be asserted by Plaintiff against each such device or system, (3) analyze a vast number of hypothetical scenarios involving how Plaintiff might apply each asserted claim to each accused device or system, and (4) develop a non-infringement position for each such hypothetical

scenario. Federal Express will not speculate about Plaintiff's contentions or analyze hypothetical scenarios. The dilemma created by the current situation was in large part the rationale for Federal Express's request that the Court establish additional patent-related disclosure deadlines. Without the identification by Plaintiff of the accused devices or systems, the claims being asserted, and how Plaintiff contends those claims might be applied to the accused devices or systems, this Interrogatory cannot be answered. Federal Express will supplement its response to this Interrogatory when Plaintiff identifies the accused devices or systems, the claims being asserted, and how Plaintiff contends those claims might be applied to the accused devices or systems.

INTERROGATORY NO. 7:

If you contend the Patents-in-Suit are invalid under 35 U.S.C. § 102, state the basis for that contention and identify any documents you intend to reply on in support for that contention.

RESPONSE TO INTERROGATORY NO. 7:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections as if fully set forth in this response.

Federal Express objects to this Interrogatory to the extent it seeks or otherwise calls for information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Federal Express objects to this Interrogatory on the grounds that Federal Express has not completed its discovery, investigation, research, and trial preparation. Discovery in this matter is ongoing, and Federal Express reserves the right

to amend, revise, correct, supplement or clarify its response to this Interrogatory based on any facts or information obtained at a later time. Subject to and without waiving the foregoing general and specific objections, Federal Express pursuant to Rule 33(d) will make available for inspection at a mutually agreeable time and place those relevant, non-privileged documents that are responsive to this Interrogatory.


INTERROGATORY NO. 8:

If you contend the Patents-in-Suit are invalid under 35 U.S.C. § 103, state the basis for that contention and identify any documents you intend to reply on in support for that contention.

RESPONSE TO INTERROGATORY NO. 8:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections as if fully set forth in this response.

Federal Express objects to this Interrogatory to the extent it seeks or otherwise calls for information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Federal Express objects to this Interrogatory on the grounds that Federal Express has not completed its discovery, investigation, research, and trial preparation. Discovery in this matter is ongoing, and Federal Express reserves the right to amend, revise, correct, supplement or clarify its response to this Interrogatory based on any facts or information obtained at a later time. Subject to and without waiving the foregoing general and specific objections, Federal Express pursuant to Rule 33(d) will

make available for inspection at a mutually agreeable time and place those relevant, non-privileged documents that are responsive to this Interrogatory.

INTERROGATORY NO. 9:

If you contend the Patents-in-Suit are invalid under 35 U.S.C. § 112, state the basis for that contention and identify any documents you intend to reply on in support for that contention.

RESPONSE TO INTERROGATORY NO. 9:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections as if fully set forth in this response.

Federal Express objects to this Interrogatory to the extent it seeks or otherwise calls for information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Federal Express objects to this Interrogatory on the grounds that Federal Express has not completed its discovery, investigation, research, and trial preparation. Discovery in this matter is ongoing, and Federal Express reserves the right to amend, revise, correct, supplement or clarify its response to this Interrogatory based on any facts or information obtained at a later time. Subject to and without waiving the foregoing general and specific objections, Federal Express pursuant to Rule 33(d) will make available for inspection at a mutually agreeable time and place those relevant, non-privileged documents that are responsive to this Interrogatory.

INTERROGATORY NO. 10:

Please identify the terms of any claims in the Patents-in-Suit that you contend need court interpretation and provide your proposed interpretation for each term so identified.

RESPONSE TO INTERROGATORY NO. 10:

Federal Express hereby incorporates by reference each and every objection and qualification stated in the General Objections as if fully set forth in this response.

Federal Express objects to this Interrogatory on the grounds that it is compound and actually includes multiple interrogatories.  Federal Express objects to this Interrogatory to the extent it seeks or otherwise calls for information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Plaintiff is asserting 8 patents, including 331 claims.  Federal Express further objects to this Interrogatory on the grounds that answering it would require Federal Express to (1) speculate about which devices or systems might be accused as infringing by Plaintiff, (2) speculate about which claims might be asserted by Plaintiff against each such device or system, (3) analyze a vast number of hypothetical scenarios involving how Plaintiff might apply each asserted claim to each accused device or system, and (4) develop a list of claim terms, based on each such hypothetical scenario, that might require court interpretation in the future.  Federal Express will not speculate about Plaintiff's contentions or analyze hypothetical scenarios.  The dilemma created by the current situation was in large part the rationale for Federal Express's request that the Court establish additional patent-related disclosure deadlines.  Without the identification by

Plaintiff of the accused devices or systems, the claims being asserted, and how Plaintiff

contends those claims might be applied to the accused devices or systems, this

Interrogatory cannot be answered. Federal Express will supplement its response to this

Interrogatory when Plaintiff identifies the accused devices or systems, the claims being

asserted, and how Plaintiff contends those claims might be applied to the accused devices

or systems.

Respectfully submitted this _17_ day of March, 2008.

Respectfully submitted,

Lawrence K. Nodine, Trial Counsel
Georgia Bar No. 545250
lnodine@needlerosenberg.com
J. Scott Anderson
Georgia Bar No. 017266
Florida Bar No. 115053 (inactive)
sanderson@needlerosenberg.com
Robin L. Gentry
Georgia Bar No. 289889
rgentry@needlerosenberg.com
Jeffrey H. Brickman
Georgia Bar No. 080432
jbrickman@needlerosenberg.com
Jason S. Jackson
Georgia Bar No. 141234
jjackson@needlerosenberg.com
Sumner C. Rosenberg
Georgia Bar No. 614550
srosenberg@needlerosenberg.com
Charley F. Brown
Georgia Bar No. 086754
cbrown@needlerosenberg.com
NEEDLE & ROSENBERG, P.C.
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309

Telephone 678-420-9300
Fax 678-420-9301

Marilyn G. Moran
Florida Bar No. 0163813
mmoran@bakerlaw.com
BAKER & HOSTETLER, LLP
P.O. Box 112
Orlando, Florida  32802-0112
Telephone 407-649-4000
Fax 407-841-0168

ATTORNEYS FOR DEFENDANT,
FEDERAL EXPRESS CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March _17_, 2008, I served a true and correct

copy of the foregoing by first-class U.S. Mail to:

> Brian R. Gilchrist, Esq.
> Ryan T. Santurri, Esq.
> Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
> P.O. Box 3791
> Orlando, Florida  32802-3791
> Fax:  407-841-2343

> J. Scott Anderson
> NEEDLE & ROSENBERG, P.C.
> 999 Peachtree Street, Suite 1000
> Atlanta, Georgia 30309
> Telephone 678-420-9300
> Fax 678-420-9301

> ATTORNEYS FOR DEFENDANT,
> FEDERAL EXPRESS CORPORATION

768420

20

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRIS CORPORATION,

     Plaintiff,

v.
                                 Case No. 6:07-CV-1819-ORL-28 KRS

FEDERAL EXPRESS CORPORATION,

     Defendant.

_____/

## PLAINTIFF'S RESPONSES TO THE FIRST SET OF INTERROGATORIES (NOS. 1-14) FROM DEFENDANT

Pursuant to Rule 33, Federal Rules of Civil Procedure, Plaintiff, Harris Corporation ("Harris"), through its undersigned counsel, hereby submits its answers and objections to Interrogatory Nos. 1-14 propounded by Defendant Federal Express Corporation, as follows:

## INTERROGATORIES

1.    Separately for each claim of each Patent-in-Suit, describe in detail the date and circumstances of the conception of the subject matter of the claimed invention, including:  the date that You contend each invention was conceived, all facts and evidence that You content corroborate said date, the location at which such conception occurred, the identity of each and every person who has any knowledge or information about such conception, and each such person's role or contribution, if any, in the alleged conception, and identify each and every document that in any way evidences or supports said date of conception.

1

RESPONSE: Pursuant to a request from FedEx, this Interrogatory has been withdrawn.

2.      Separately for each claim of each Patent-in-Suit, describe in detail the date and circumstances of the reduction to practice of the subject matter of the claimed invention, including: the date that You contend each invention was reduced to practice, all facts and evidence that You content corroborate said date, the location at which such reduction to practice occurred, the identity of each and every person who has any knowledge or information about such reduction to practice, and each such person's role or contribution, if any, in the alleged conception, and identify each and every document that in any way evidences or supports said date of reduction to practice.

RESPONSE: Pursuant to a request from FedEx, this Interrogatory has been withdrawn.

3.      Identify all persons who have or are believed to have knowledge of any fact alleged in Harris Corporation's Complaint or any fact relevant to the claims or defenses of any party in this action, and state the subject matter of the knowledge possessed or believed to be possessed by each such person.

RESPONSE: Harris objects to this Interrogatory to the extent it seeks discovery of information that is protected to the attorney-client or work-product privileges. Harris objects to the extent it requires Harris to guess who may have knowledge relevant to FedEx's claims and defenses. Harris objects to this interrogatory because FedEx has exceeded the maximum number of interrogatories allowed under the Federal Rules.

2

Notwithstanding the objections contained herein, Thomas H. Wright, James J. Ziarno and Ramzi Delpak have knowledge as to the patents-in-suit. Harris believes representatives of FedEx will likely have knowledge as to all aspects of FedEx's use of the infringing products and methods.

4.      Identify each claim of the Patents-in-Suit Harris accuses Federal Express of infringing and, for each such claim, identify all facts supporting Your allegation of infringement, identify each accused apparatus, method, composition, or other instrumentality ("Accused Instrumentality") of Federal Express, and identify specifically where each element of each asserted claim is allegedly found within each Accused Instrumentality.

RESPONSE: Harris objects to this Interrogatory to as premature. Discovery has just begun and FedEx has not produced any discovery in the course of the litigation. Harris objects to this Interrogatory as seeking information known only by FedEx, as Harris cannot accurately identify accused apparatuses with the specificity demanded in the instructions to FedEx's interrogatories without additional discovery. Notwithstanding these objections, Harris will provide preliminary claim charts showing at least one independent claim for each patent infringed by FedEx. Harris reserves the right to amend and modify its infringement contentions and add additional independent and dependent claims as discovery progresses.

5.      Identify all prior art and all references that have been asserted at any time to be prior art to any claim of any of the Patents-in-Suit, or to any subject matter

3

disclosed in any of the patents and applications that are related to the Patents-in-Suit, including for each reference or item of prior art the date that Harris Corporation or any inventor of the Patents-in-Suit became aware of it, as well, if applicable, the author, publication date, title, date of sale or offer for sale, or inventor of said reference or prior art.

RESPONSE: Harris objects to this Interrogatory to as over broad, unduly burdensome and excessive. Harris further objects to the extent that it would be impossible for Harris to determine when it or an inventor became aware of any particular piece of prior art. Notwithstanding these objections, the relevant and non-cumulative references Harris is aware of are cited in the prosecution histories of Asserted U.S. Patent Nos. 6,104,914, 6,108,523, 6,154,636, 6,154,637, 6,173,159 B1, 6,308,044 B1, 6,775,545 B2, and 6,990,319 B2.

6. Describe in detail all the factual and legal bases for the averments in Paragraph 13 of the Complaint that "FedEx will continue to infringe the Patents-in-Suit, continuing to damage Harris and causing irreparable harm unless enjoined by this Court."

RESPONSE: Harris objects to this Interrogatory to the extent it seeks the disclosure of information protected by the attorney-client or work-product privileges. Harris further objects to the extent this Interrogatory seeks a legal analysis. Notwithstanding these objections, in a letter of August 1, 2007, Harris demanded FedEx cease its infringement of the asserted patents. In a letter of September 4, 2007, FedEx refused to cease its infringement or to take a license under the asserted patents.

4

7.    Describe in detail all factual and legal bases for the averments in Paragraph 14 of the Complaint that "FedEx lacks justifiable belief that there is no infringement or that the infringed claims are invalid and has acted with objective recklessness in its infringing activity. FedEx's infringement is therefore willful and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action."

RESPONSE:  Harris objects to this Interrogatory to the extent it seeks the disclosure of information protected by the attorney-client or work-product privileges. Harris further objects to the extent this Interrogatory seeks a legal analysis. Notwithstanding these objections, FedEx is aware and has been aware of Harris' patents through discussions with Harris and with Harris' licensees. The patents have been thoroughly examined in patent offices in the U.S. and have been deemed valid and enforceable, and FedEx has provided no basis for a justifiable belief to the contrary. In 2002, representatives of FedEx contacted Harris to confirm that Spirent Systems was licensed under Harris' GDL portfolio. More recently, FedEx again acknowledged it had knowledge of Harris' patents, but has refused to cease its infringement or to take a license under the asserted patents.

8.    Describe in detail the basis for any claim by Harris Corporation for damages including, but not limited to, the total dollar amount of damages, and the facts and theory on which each such claim is based (e.g., lost profits, price erosion) and the rate, computation and base of any royalty.

5

RESPONSE: Harris objects to this Interrogatory to the extent it seeks the disclosure of information protected by the attorney-client or work-product privileges. Harris further objects because this Interrogatory as premature and necessarily calls for information not yet provided by FedEx and which FedEx may designate as confidential/attorneys' eyes only. Therefore, Harris would not be in a position to have calculated damages, making it properly addressed through expert testimony. Discovery has just begun and Harris awaits discovery responses from FedEx. As discovery continues, Harris expressly reserves the right, within the scope of the applicable rules and Orders, to revise, modify or amend, at any time, its Responses. Notwithstanding these objections, Harris seeks a reasonable royalty for the past uses of each infringing system or method. Because of the early stage in discovery, Harris cannot provide an estimate of the reasonable royalty until FedEx produces its economic data, but expects to provide expert testimony on the issue.

9.      For each claim of the Patents-in-Suit, describe in detail all evidence, including evidence of "secondary considerations," that supports Your contention that the subject matter of the claim was non-obvious under 35 U.S.C. §103.

RESPONSE: Pursuant to a request from FedEx, this Interrogatory has been withdrawn.

10.     Separately for each of the Patents-in-Suit and each allegedly infringing Accused Instrumentality, state the earliest date on which Harris Corporation had reason

to believe that any such Accused Instrumentality of Federal Express was infringing any claim of the Patents-in-Suit and state the basis for such belief.

RESPONSE: Harris objects to this Interrogatory as over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Harris further objects to this Interrogatory as exceeding the maximum number of Interrogatories allowed under the Federal Rules. There are three hundred and eighty claims in the patents-in-suit as defined by FedEx, thus there are at least three hundred eighty subparts to this interrogatory, far exceeding the maximum number of interrogatories allowed. Notwithstanding these objections, Harris gathered publicly available documents and determined FedEx was infringing the asserted patents at least prior to August 1, 2007.

11.    Identify all Persons who were consulted or who provided information in connection with the preparation of your answers to the foregoing interrogatories. This Interrogatory calls not only for the identity of the person who is providing the information to Your attorneys, but also asks for the identity of all persons from whom information was gathered to answer these Interrogatories. For each Person identified, state the interrogatory or interrogatories in connection with which he or she provided information or was consulted.

RESPONSE: Harris objects to this Interrogatory as seeking information protected by the attorney-client and work-product privileges. Notwithstanding this objection, the individuals consulted in the preparation of these responses are Harris employee Brian Holt and Harris in-house attorneys Michael Yatsko, Mitch Evander.

12.    Identify any documents produced by You, or produced to You, during discovery in this action as to which you have reason to believe there is, under Federal Rule of Evidence 1003, any genuine question about the authenticity of the original or any reason making it unfair to admit into evidence a duplicate in lieu of the original.

RESPONSE: Harris objects to this Interrogatory as over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. It is anticipated that thousands of documents will be produced during this litigation. Such an analysis can be made during a joint meeting of counsel when the parties are able to identify a reasonable number of documents for use as trial exhibits. Harris further objects to this Interrogatory as premature. Discovery has just begun and no documents have been produced. Harris further objects to this Interrogatory as an attempt to improperly shift the burden established under Federal Rule of Evidence 901.

13.    Identify any documents produced by You during discovery in this action that are not your business records under Federal Rule of Evidence 803(6).

RESPONSE: Harris objects to this Interrogatory as over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. It is anticipated that thousands of documents will be produced during this litigation. Such an analysis can be made during a joint meeting of counsel when the parties are able to identify a reasonable number of documents for use as trial exhibits. Harris further objects to this Interrogatory as premature. Discovery has just begun and no

8

documents have been produced.  Harris further objects to this Interrogatory as an attempt to improperly shift the burden established under Federal Rule of Evidence 802.

14.    Identify any documents produced by You during discovery in this action that bear signatures that you have reason to believe are not authentic.

RESPONSE: Harris objects to this Interrogatory as over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  It is anticipated that thousands of documents will be produced during this litigation.  Such an analysis can be made during a joint meeting of counsel when the parties are able to identify a reasonable number of documents for use as trial exhibits. Harris further objects to this Interrogatory as premature.  Discovery has just begun and no documents have been produced.  Harris further objects to this Interrogatory as an attempt to improperly shift the burden established under Federal Rule of Evidence 901.

AS TO ANSWERS:

HARRIS CORPORATION

By: _____
Printed Name:_____
Title: _____


STATE OF _____

COUNTY OF _____

      Before me, the undersigned authority, personally appeared _____,
as _____ of Harris Corporation, who, after first being duly-sworn on
oath, has read the foregoing Responses to Defendant's First Set of Interrogatories and is
informed and believes that the matters stated therein are true and correct..

      This foregoing instrument was subscribed, sworn to, and acknowledged by me
this ___ day of _____, 2008, by _____, who:

☐    Is personally known to me.

☐    Produced _____ as identification.

    Signed and sealed this ___ day of _____, 2008.


                           _____
                           NOTARY PUBLIC
(Seal)               Printed Name: _____
                           My Commission Expires: _____

Dated: March 24, 2008.

Brian R. Gilchrist, Esquire
Florida Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri, Esquire
Florida Bar No. 0015698
rsanturri@addmg.com
Allen, Dyer, Doppelt,
 Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone:    407-841-2330
Facsimile:    407-841-2343

Counsel for Omega Patents, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, I served a true and correct copy of the

foregoing via facsimile and U.S. Mail to:

J. Scott Anderson, Esquire
Jeffrey H. Brickman, Esquire
Charley F. Brown, Esquire
Robin L. Gentry, Esquire
Jason S. Jackson, Esquire
Lawrence K. Nodine, Esquire
Sumner C. Rosenberg, Esquire
Needle & Rosenberg, P.C.
999 Peachtree Street, Suite 1000
Atlanta, Georgia   30309

Marilyn G. Moran, Esquire
Baker & Hostetler, LLP
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida 32802-0112

Ryan T. Santurri

11