# Exhibit 19

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

|  |  |
|---|---|
| HARRIS CORPORATION,<br><br>　　　Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>　　　Defendant.<br>───────────────────────<br>FEDERAL EXPRESS CORPORATION,<br><br>　　　Counterclaim Plaintiff,<br><br>v.<br><br>HARRIS CORPORATION,<br><br>　　　Counterclaim Defendant. | Case No. 6:07-cv-1819-Orl-28 KRS |

**FEDERAL EXPRESS CORPORATION'S FIRST REQUESTS FOR
ADMISSIONS OF FACT TO HARRIS CORPORATION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Federal Express

Corporation hereby requests that Plaintiff, Harris Corporation, answer under oath the following

Requests for Admissions of Fact within the time specified by law.

In answering these requests, Harris shall admit or deny the matter specifically or set forth

in detail the reasons why they cannot admit or deny the matter truthfully. A denial shall fairly

meet the substance of the requested admission, and when good faith requires that Harris qualify

an answer or deny only a part of the matter for which an admission is requested, Harris shall

884091

specify so much of it as is true and qualify or deny the remainder.  Harris may not state its lack of

information or knowledge as a reason for failure to admit or deny unless Harris states that it has

made a reasonable inquiry and that the information known or readily obtainable by Harris is

insufficient to enable them to admit or deny.

**DEFINITIONS**

1.      The terms "Harris" or "you" or "your" or "yours" or "Plaintiff" means the

Plaintiff, Harris Corporation, and all U.S. and foreign predecessors, successors, subsidiaries,

divisions, parents, and affiliates thereof (past or present); U.S. and foreign joint ventures and

other legal entities that are wholly or partially owned or controlled by Harris, either directly

or indirectly; and all past or present directors, principals, officers, owners, employees, agents,

representatives, consultants, attorneys, and others acting for or purporting to act on behalf of

these same entities.  These terms include any businesses or companies which are owned in whole

or in part by the same parent or owner which owns Harris (whether such parent owns Harris in

whole or in part).

2.      The terms "Federal Express" or "FedEx" or "Defendant" means Federal

Express Corporation, its subsidiaries, affiliates, past or present directors, principals, officers,

owners, employees, agents, representatives, consultants, attorneys, and all others acting for or

purporting to act on behalf of Federal Express, including all past or present employees or any

such person or persons individually or in combination.

3.      The "Action" means *Harris Corporation v. Federal Express Corporation,* in the

United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:07-

cv-1819-Orl-28 KRS.

4.      If any request is objected to under a claim of privilege, provide sufficient information to determine the nature of the refusal to admit or deny the particular request and also state the basis for any asserted claim of privilege.

5.      If you object to part of a request and refuse to admit or deny that part, state your objection and admit or deny the remaining portion of that request.  If you object to the scope or time period of a request and refuse to admit or deny for that scope or time period, state your objection and admit or deny the request for the scope or time period you believe is appropriate.

6.      If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and admit or deny to the extent possible, specifying your inability to admit or deny the remainder and stating whatever information you have concerning the unanswered portions.

7.      If your answer is qualified in any particular, please set forth the details of such qualification.

8.      The term "FedEx B-727 System" refers to the system of components installed on select Federal Express Boeing 727 aircraft, which includes an Avionica MiniQAR recorder and an Avionica SecureLink router.

## REQUESTS FOR ADMISSIONS OF FACT

**REQUEST NO. 1:**    Admit the Expert Report of Joseph C. McAlexander III dated December 22, 2008, complies with Rule 26(a)(2) of the Federal Rules of Civil Procedure as of the date it was signed.

**REQUEST NO. 2:**    Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes claims 5-16 or 21-33 of U.S. Patent 6,047,165.

**REQUEST NO. 3:**    Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 5-16 or 21-33 of U.S. Patent 6,047,165.

**REQUEST NO. 4:**    Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes claims 1-3 or 5-13 of U.S. Patent 6,308,045.

**REQUEST NO. 5:**    Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 1-3 or 5-13 of U.S. Patent 6,308,045.

**REQUEST NO. 6:**    Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes claims 2-4, 7, or 12-58 of U.S. Patent 6,104,914.

**REQUEST NO. 7:**    Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 2-4, 7, or 12-58 of U.S. Patent 6,104,914.

**REQUEST NO. 8:**    Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes claims 1-30, 32-34, or 41-55 of U.S. Patent 6,154,637.

**REQUEST NO. 9:**    Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 1-30, 32-34, or 41-55 of U.S. Patent 6,154,637.

**REQUEST NO. 10:**   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System infringes claims 2, 5, 7, 10, 12, 15, 17, 20, 22, 25, 27, or 30 of U.S. Patent 6,990,319.

**REQUEST NO. 11:**  Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes claims 2, 5, 7, 10, 12, 15, 17, 20, 22, 25, 27, or 30 of U.S. Patent 6,990,319.

<u>U.S. Patent 6,173,159</u>

**REQUEST NO. 12:**  Admit You asked Joseph C. McAlexander III (McAlexander) to analyze the claims of U.S. Patent 6,173,159 (the '159 patent).

**REQUEST NO. 13:**  Admit You asked McAlexander to compare one or more claims of the '159 patent to the FedEx B-727 System.

**REQUEST NO. 14:**  Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '159 patent.

**REQUEST NO. 15:**  Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

**REQUEST NO. 16:**  Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

**REQUEST NO. 17:**  Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

**REQUEST NO. 18:**  Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

**REQUEST NO. 19:**   Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

**REQUEST NO. 20:**   Admit Federal Express Corporation does not infringe any claim of the '159 patent.

**REQUEST NO. 21:**   Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '159 patent.

**REQUEST NO. 22:**   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes a flight management computer or equivalent.

**REQUEST NO. 23:**   Admit the FedEx B-727 System does not include a flight management computer or equivalent.

**REQUEST NO. 24:**   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System is connected to a flight management computer or equivalent, or to any other onboard computer.

**REQUEST NO. 25:**   Admit the FedEx B-727 System is not connected to a flight management computer or equivalent, or to any other onboard computer.

**REQUEST NO. 26:**   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System updates flight management files or equivalent onboard files.

**REQUEST NO. 27:**   Admit the FedEx B-727 System does not update flight management files or equivalent onboard files.

**REQUEST NO. 28:**   Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System receives flight navigation database files or equivalent files.

**REQUEST NO. 29:**  Admit the FedEx B-727 System does not receive flight navigation database files or equivalent files.

**REQUEST NO. 30:**  Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '159 patent.

<u>U.S. Patent 6,154,636</u>

**REQUEST NO. 31:**  Admit You asked McAlexander to analyze the claims of U.S. Patent 6,154,636 (the '636 patent).

**REQUEST NO. 32:**  Admit You asked McAlexander to compare one or more claims of the '636 patent to the FedEx B-727 System.

**REQUEST NO. 33:**  Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '636 patent.

**REQUEST NO. 34:**  Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

**REQUEST NO. 35:**  Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

**REQUEST NO. 36:**  Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

**REQUEST NO. 37:**  Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

**REQUEST NO. 38:**  Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

**REQUEST NO. 39:**  Admit Federal Express Corporation does not infringe any claim of the '636 patent.

**REQUEST NO. 40:**  Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '636 patent.

**REQUEST NO. 41:**  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System records data sufficient to calculate or otherwise obtain Out, Off, On, and In (OOOI) times.

**REQUEST NO. 42:**  Admit the FedEx B-727 System does not record data sufficient to calculate or otherwise obtain OOOI times.

**REQUEST NO. 43:**  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System provides a retrievable record of OOOI times.

**REQUEST NO. 44:**  Admit the FedEx B-727 System does not provide a retrievable record of OOOI times.

**REQUEST NO. 45:**  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System calculates OOOI times.

**REQUEST NO. 46:**  Admit the FedEx B-727 System does not calculate OOOI times.

**REQUEST NO. 47:**  Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '636 patent.

<u>U.S. Patent 6,308,044</u>

**REQUEST NO. 48:**  Admit the application that issued as U.S. Patent 6,308,044 (the '044 patent) was a continuation of the application that issued as the '636 patent.

**REQUEST NO. 49:**  Admit You asked McAlexander to analyze the claims of the '044 patent.

**REQUEST NO. 50:**  Admit You asked McAlexander to compare one or more claims of the '044 patent to the FedEx B-727 System.

**REQUEST NO. 51:**  Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '044 patent.

**REQUEST NO. 52:**  Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

**REQUEST NO. 53:**  Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

**REQUEST NO. 54:**  Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

**REQUEST NO. 55:**  Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

**REQUEST NO. 56:**  Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

**REQUEST NO. 57:**  Admit Federal Express Corporation does not infringe any claim of the '044 patent.

**REQUEST NO. 58:**  Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '044 patent.

**REQUEST NO. 59:**  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System records data sufficient to calculate or otherwise obtain Out, Off, On, and In (OOOI) times.

**REQUEST NO. 60:**  Admit the FedEx B-727 System does not record data sufficient to calculate or otherwise obtain OOOI times.

**REQUEST NO. 61:**  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System provides a retrievable record of OOOI times.

**REQUEST NO. 62:**  Admit the FedEx B-727 System does not provide a retrievable record of OOOI times.

**REQUEST NO. 63:**  Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '044 patent.

<u>U.S. Patent 6,775,545</u>

**REQUEST NO. 64:**  Admit You asked McAlexander to analyze the claims of U.S. Patent 6,775,545 (the '545 patent).

**REQUEST NO. 65:**   Admit You asked McAlexander to compare one or more claims of the '545 patent to the FedEx B-727 System.

**REQUEST NO. 66:**   Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '545 patent.

**REQUEST NO. 67:**   Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

**REQUEST NO. 68:**   Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

**REQUEST NO. 69:**   Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

**REQUEST NO. 70:**   Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

**REQUEST NO. 71:**   Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

**REQUEST NO. 72:**   Admit Federal Express Corporation does not infringe any claim of the '545 patent.

**REQUEST NO. 73:**   Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '545 patent.

**REQUEST NO. 74:**  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System adjusts its wireless transmission parameters based on an interrogation beacon as recited in one or more claims of the '545 patent.

**REQUEST NO. 75:**  Admit the FedEx B-727 System does not adjust its wireless transmission parameters based on an interrogation beacon as recited in one or more claims of the '545 patent.

**REQUEST NO. 76:**  Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System adjusts its wireless transmission parameters based on location.

**REQUEST NO. 77:**  Admit the FedEx B-727 System does not adjust its wireless transmission parameters based on location.

**REQUEST NO. 78:**  For each method claim of the '545 patent, admit the steps must be performed in the order recited in the claim.

**REQUEST NO. 79:**  For each method claim of the '545 patent, admit that, for at least one embodiment of the claimed method, the steps must be performed in the order recited in the claim.

**REQUEST NO. 80:**  For each method claim of the '545 patent, admit that, for the method to accomplish the functions recited, the steps must be performed in the order recited in the claim.

**REQUEST NO. 81:**  For each method claim of the '545 patent, admit the functions recited would not be accomplished unless the steps were performed in the order recited in the claim.

**REQUEST NO. 82:**  For each method claim of the '545 patent, admit the claim would not be infringed by another unless the steps were performed in the order recited in the claim.

**REQUEST NO. 83:**  Admit the "interrogation beacon" as recited in one or more claims of the '545 patent is a feature taught or disclosed in the IEEE 802.11 standard.

**REQUEST NO. 84:**   Admit the "interrogation beacon" as recited in one or more claims of the '545 patent is a feature taught or disclosed in ARINC Characteristic 763.

**REQUEST NO. 85:**   Admit James Ziarno did not invent the "interrogation beacon" or equivalent feature that is taught or disclosed in the IEEE 802.11 standard.

**REQUEST NO. 86:**   Admit Thomas Wright did not invent the "interrogation beacon" or equivalent feature that is taught or disclosed in the IEEE 802.11 standard.

**REQUEST NO. 87:**   Admit James Ziarno did not invent the "interrogation beacon" or equivalent feature that is taught or disclosed in ARINC Characteristic 763.

**REQUEST NO. 88:**   Admit Thomas Wright did not invent the "interrogation beacon" or equivalent feature that is taught or disclosed in ARINC Characteristic 763.

**REQUEST NO. 89:**   Admit James Ziarno did not invent the method step of transmitting an "interrogation beacon" as recited in claim 1 of the '545 patent.

**REQUEST NO. 90:**   Admit Thomas Wright did not invent the method step of transmitting an "interrogation beacon" as recited in claim 1 of the '545 patent.

**REQUEST NO. 91:**   Admit James Ziarno did not invent the method step of adjusting transmission parameters in response to receipt of an "interrogation beacon" as recited in claim 1 of the '545 patent.

**REQUEST NO. 92:**   Admit Thomas Wright did not invent the method step of adjusting transmission parameters in response to receipt of an "interrogation beacon" as recited in claim 1 of the '545 patent.

**REQUEST NO. 93:**   Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '545 patent.

<u>U.S. Patent 6,108,523</u>

**REQUEST NO. 94:**   Admit You asked McAlexander to analyze the claims of U.S. Patent 6,108,523 (the '523 patent).

**REQUEST NO. 95:**   Admit You asked McAlexander to compare one or more claims of the '523 patent to the FedEx B-727 System.

**REQUEST NO. 96:**   Admit McAlexander communicated to You his opinion that the FedEx B-727 System does not infringe any claim of the '523 patent.

**REQUEST NO. 97:**   Admit McAlexander communicated to You that, in his opinion, there is no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

**REQUEST NO. 98:**   Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

**REQUEST NO. 99:**   Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

**REQUEST NO. 100:** Admit that, as of April 7, 2008 (the day You filed the First Amended Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

**REQUEST NO. 101:** Admit that, as of December 22, 2008 (the day the Expert Report of Joseph C. McAlexander III was signed), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

**REQUEST NO. 102:** Admit Federal Express Corporation does not infringe any claim of the '523 patent.

**REQUEST NO. 103:** Admit there is no genuine issue of material fact regarding the conclusion that Federal Express Corporation does not infringe any claim of the '523 patent.

**REQUEST NO. 104:** Admit the exhibits attached to the claim charts produced by You on or about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the FedEx B-727 System infringes any claim of the '523 patent.

**REQUEST NO. 105:** Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with a remote flight operations control center or equivalent facility.

**REQUEST NO. 106:** Admit the FedEx B-727 System does not include or communicate with a remote flight operations control center or equivalent facility.

**REQUEST NO. 107:** Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with an airport-based communications network or equivalent network as recited in claim 1 of the '523 patent.

**REQUEST NO. 108:** Admit the FedEx B-727 System does not include or communicate with an airport-based communications network or equivalent network as recited in claim 1 of the '523 patent.

**REQUEST NO. 109:** Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with an airport-based processor or equivalent, as recited in claim 1 of the '523 patent.

**REQUEST NO. 110:** Admit the FedEx B-727 System does not include or communicate with an airport-based processor or equivalent, as recited in claim 1 of the '523 patent.

**REQUEST NO. 111:** Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with an airport-based archival data store or equivalent, as recited in claim 1 of the '523 patent.

**REQUEST NO. 112:** Admit the FedEx B-727 System does not include or communicate with an airport-based archival data store or equivalent, as recited in claim 1 of the '523 patent.

**REQUEST NO. 113:** Admit there is no factual basis in the record to support a conclusion that the FedEx B-727 System includes or communicates with an airport-based wideband spread spectrum transceiver or equivalent, as recited in claim 1 of the '523 patent.

**REQUEST NO. 114:** Admit the FedEx B-727 System does not include or communicate with an airport-based wideband spread spectrum transceiver or equivalent, as recited in claim 1 of the '523 patent.

<u>U.S. Patent 6,154,637</u>

**REQUEST NO. 115:** Admit there is no factual basis in the record to support an allegation that the FedEx B-727 System infringes any claim of U.S. Patent 6,154,637 (the '637 patent).

**REQUEST NO. 116:** Admit that, as of November 21, 2007 (the day You filed the Complaint in this Action), there was no factual basis to support an allegation that the FedEx B-727 System infringes any claim of the '637 patent.

**REQUEST NO. 117:** Admit that, as of April 7, 2008 (the day You filed the First Amended

Complaint in this Action), there was no factual basis to support an allegation that the FedEx

B-727 System infringes any claim of the '637 patent.

**REQUEST NO. 118:** Admit that, as of December 22, 2008 (the day the Expert Report of Joseph

C. McAlexander III was signed), there was no factual basis to support an allegation that the

FedEx B-727 System infringes any claim of the '637 patent.

**REQUEST NO. 119:** Admit the exhibits attached to the claim charts produced by You on or

about May 14, 2008, do not provide a factual basis sufficient to support an allegation that the

FedEx B-727 System infringes any claim of the '637 patent.

**REQUEST NO. 120:** Admit Federal Express Corporation does not infringe any claim of the

'637 patent.

**REQUEST NO. 121:** Admit there is no genuine issue of material fact regarding the conclusion

that Federal Express Corporation does not infringe any claim of the '637 patent.

**REQUEST NO. 122:** Admit there is no factual basis in the record to support a conclusion that

the FedEx B-727 System selects a channel based on receipt of a probe beacon.

**REQUEST NO. 123:** Admit the FedEx B-727 System does not select a channel based on receipt

of a probe beacon.

**REQUEST NO. 124:** For each method claim of the '637 patent, admit the steps must be

performed in the order recited in the claim.

**REQUEST NO. 125:** For each method claim of the '637 patent, admit that, for at least one

embodiment of the claimed method, the steps must be performed in the order recited in the claim.

**REQUEST NO. 126:** For each method claim of the '637 patent, admit that, for the method to accomplish the functions recited, the steps must be performed in the order recited in the claim.

**REQUEST NO. 127:** For each method claim of the '637 patent, admit the functions recited would not be accomplished unless the steps were performed in the order recited in the claim.

**REQUEST NO. 128:** For each method claim of the '637 patent, admit the claim would not be infringed by another unless the steps were performed in the order recited in the claim.

**REQUEST NO. 129:** For each method claim of the '637 patent, admit the claim is indefinite unless the steps must be performed in the order recited in the claim.

**REQUEST NO. 130:** For claim 31 of the '637 patent, admit that performing the step of "downloading the flight performance data" before performing the step of "transmitting a probe beacon . . . and selecting a sub-band frequency channel based on receipt of the probe beacon" would not necessarily result in the downloading of flight performance data on the selected sub-band frequency channel.

**REQUEST NO. 131:** For claim 31 of the '637 patent, admit that performing the step of "transmitting a probe beacon . . . and selecting a sub-band frequency channel based on receipt of the probe beacon" after performing the step of "downloading the flight performance data" would not necessarily result in the downloading of flight performance data on the selected sub-band frequency channel.

**REQUEST NO. 132:** For claim 31 of the '637 patent, admit that performing the step of "transmitting a probe beacon . . . and selecting a sub-band frequency channel based on receipt of the probe beacon" after performing the step of "downloading the flight performance data" has no useful application.

**REQUEST NO. 133:** Admit the "probe beacon" as recited in one or more claims of the '637 patent is a feature taught or disclosed in the IEEE 802.11 standard.

**REQUEST NO. 134:** Admit James Ziarno did not invent the "probe beacon" or equivalent feature that is taught or disclosed in the IEEE 802.11 standard.

**REQUEST NO. 135:** Admit Thomas Wright did not invent the "probe beacon" or equivalent feature that is taught or disclosed in the IEEE 802.11 standard.

**REQUEST NO. 136:** Admit James Ziarno did not invent the method step of transmitting a "probe beacon" as recited in claim 31 of the '637 patent.

**REQUEST NO. 137:** Admit Thomas Wright did not invent the method step of transmitting a "probe beacon" as recited in claim 31 of the '637 patent.

**REQUEST NO. 138:** Admit James Ziarno did not invent the method step of "selecting a sub-band frequency channel based on receipt of the probe beacon" as recited in claim 31 of the '637 patent.

**REQUEST NO. 139:** Admit Thomas Wright did not invent the method step of "selecting a sub-band frequency channel based on receipt of the probe beacon" as recited in claim 31 of the '637 patent.

<u>U.S. Patent 6,047,165</u>

**REQUEST NO. 140:** Admit the Abstract of U.S. Patent 6,047,165 (the '165 patent) begins with the sentence, "A flight information communication system has a plurality of RF direct sequence spread spectrum ground data links that link respective aircraft-resident subsystems, in each of which a copy of its flight performance data is stored, with airport-located subsystems."

**REQUEST NO. 141:** Admit that no claim of the '165 patent recites "aircraft-resident" components or method steps.

**REQUEST NO. 142:** Admit that no claim of the '165 patent recites "airport-resident" components or method steps.

**REQUEST NO. 143:** Admit that no claim of the '165 patent recites "airport-located" components or method steps.

**REQUEST NO. 144:** Admit the phrase "first ground based wideband spread spectrum transceiver" recited in claim 27 of the '165 patent has a different meaning than the phrase "airport based spread spectrum transceiver" recited in claim 23 of the '165 patent.

**REQUEST NO. 145:** Admit the term "ground based" recited in claim 27 of the '165 patent has a different meaning than the term "airport based" recited in claim 23 of the '165 patent.

**REQUEST NO. 146:** Admit the phrase "first ground based wideband spread spectrum transceiver" recited in claim 22 of the '165 patent has a different meaning than the phrase "airport based spread spectrum transceiver" recited in claim 17 of the '165 patent.

**REQUEST NO. 147:** Admit the term "ground based" recited in claim 22 of the '165 patent has a different meaning than the term "airport based" recited in claim 17 of the '165 patent.

U.S. Patent 6,990,319

**REQUEST NO. 148:** Admit the step of "continuously monitoring the flight performance of the aircraft during an entire flight of the aircraft from at least take-off to landing" was added in its entirety to claim 59 by amendment during prosecution of U.S. Patent 6,990,319 (the '319 patent).

**REQUEST NO. 149:** Admit the step of "continuously monitoring the flight performance of the aircraft during an entire flight of the aircraft from at least take-off to landing" was added in its

entirety to claim 59 by amendment during prosecution of U.S. Patent 6,990,319 (the '319 patent) for a reason related to the patentability of claim 59.

**REQUEST NO. 150:** Admit the phrase "during an entire flight of the aircraft" was added to the step of "generating data pertaining to the aircraft" in claim 59 by amendment during prosecution of the '319 patent.

**REQUEST NO. 151:** Admit the phrase "during an entire flight of the aircraft" was added to the step of "generating data pertaining to the aircraft" in claim 59 by amendment during prosecution of the '319 patent for a reason related to the patentability of claim 59.

**REQUEST NO. 152:** Admit the step "generating data pertaining to the aircraft during an entire flight of the aircraft" in claim 59 was amended to read "generating aircraft data representative of the continuously monitored aircraft flight performance during an entire flight of the aircraft from at least take-off to landing" during prosecution of the '319 patent.

**REQUEST NO. 153:** Admit the step "generating data pertaining to the aircraft during an entire flight of the aircraft" in claim 59 was amended to read "generating aircraft data representative of the continuously monitored aircraft flight performance during an entire flight of the aircraft from at least take-off to landing" during prosecution of the '319 patent for a reason related to the patentability of claim 59.

**REQUEST NO. 154:** Admit the step "accumulating the generated aircraft data within a ground data link unit positioned within the aircraft" in claim 59 was amended to read "accumulating the generated aircraft data within a ground data link unit positioned within the aircraft during the entire flight of the aircraft" during prosecution of the '319 patent.

**REQUEST NO. 155:** Admit the step "accumulating the generated aircraft data within a ground

data link unit positioned within the aircraft" in claim 59 was amended to read "accumulating the

generated aircraft data within a ground data link unit positioned within the aircraft during the

entire flight of the aircraft" during prosecution of the '319 patent for a reason related to the

patentability of claim 59.

**REQUEST NO. 156:** Admit claim 59 of the application issued as claim 1 of the '319 patent.

**REQUEST NO. 157:** Admit claim 96 of the application issued as claim 21 of the '319 patent.

**REQUEST NO. 158:** Admit claim 96 of the application was a new claim, added in its entirety,

during prosecution of the '319 patent.

**REQUEST NO. 159:** Admit claim 96 of the application was a new claim, added in its entirety,

during prosecution of the '319 patent for a reason related to the patentability of claim 96.

Respectfully submitted on this ____9____ day of January, 2009.

_____

Lawrence K. Nodine (Trial Counsel)
Georgia Bar No. 545250
NodineL@BallardSpahr.com
J. Scott Anderson
Georgia Bar No. 017266
Florida Bar No. 115053 (inactive)
AndersonJS@BallardSpahr.com
Robin L. Gentry
Georgia Bar No. 289889
GentryR@BallardSpahr.com
Jeffrey H. Brickman
Georgia Bar No. 080432
BrickmanJ@BallardSpahr.com
Sumner C. Rosenberg
Georgia Bar No. 614550
RosenbergS@BallardSpahr.com
Charley F. Brown
Georgia Bar No. 086754
BrownCF@BallardSpahr.com

**Ballard Spahr Andrews & Ingersoll, LLP**
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309
Telephone 678-420-9300
Fax 678-420-9301

Marilyn G. Moran
Florida Bar No. 0163813
mmoran@bakerlaw.com
**Baker & Hostetler, LLP**
P.O. Box 112
Orlando, Florida  32802-0112
Telephone 407-649-4000
Fax 407-841-0168

ATTORNEYS FOR
FEDERAL EXPRESS CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January ___9___, 2009, I served a true and correct copy of

the foregoing, FEDERAL EXPRESS CORPORATION'S FIRST REQUESTS FOR

ADMISSIONS OF FACT TO HARRIS CORPORATION, by first-class U.S. Mail to:

     Brian R. Gilchrist, Esq.
     Ryan T. Santurri, Esq.
     Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
     P.O. Box 3791
     Orlando, Florida  32802-3791

J. Scott Anderson
**Ballard Spahr Andrews & Ingersoll, LLP**
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309
Telephone 678-420-9300
Fax 678-420-9301

ATTORNEYS FOR
FEDERAL EXPRESS CORPORATION