IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRIS CORPORATION,
a Delaware corporation,

    Plaintiff,

vs.                                              Case No. 6:07-CV-1819-ORL-28 KRS

FEDERAL EXPRESS
CORPORATION, a Delaware
corporation,

    Defendant.
_____/

FEDERAL EXPRESS
CORPORATION,

    Counter-Plaintiff,

vs.

HARRIS CORPORATION,

    Counter-Defendant.
_____/

<u>PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THE
MOTION FOR SUMMARY JUDGMENT OF VALIDITY AND ENFORCEABILITY</u>

**OPINIONS OF INVALIDITY OF FEDEX'S WITNESSES**

    1.    Dr. Helfrick has opined that the '165, '045, '319, '412, '387 and '146 Patents are all invalid under an obviousness theory. Dr. Helfrick applied the same eight combinations of prior art to arrive at this conclusion for each of these Patents. Attached

hereto at Ex. 26[1] are excerpts of Dr. Helfrick's September 25, 2009 report, wherein he provided summaries of his invalidity theories. See Ex. 26, pp. 49, 118, 245, 298, 549, 594 and 643.

2.  Dr. Helfrick has opined that each of the dependent claims of the thirteen Patents-in-Suit are invalid. Because of the voluminous nature, Harris has attached hereto the claim chart for the dependent claims of the '165 Patent, which is a representative example of Dr. Helfrick's "analysis" for each of the thirteen Patents-in-Suit. See Ex. 26, p. 112-116.

3.  Mr. Koperda has opined that the '165, '045, '319, '523, '412, '387 and '146 Patents are all invalid under an obviousness theory. Attached hereto as Ex. 27 are excerpts from the September 25, 2009 report of Mr. Koperda. The table of contents describes Section 5 of Mr. Koperda's report, the "Opinion" section, which is limited to Claim 1 of each Patent, and further limited to an obviousness theory with respect to the '165, '045, '319, '523, '412, '387 and '146 Patents. Ex. 27, pp. ii-iii.

4.  Mr. Koperda has opined that each of the dependent claims of the thirteen Patents-in-Suit are invalid. Mr. Koperda's analysis is limited to a single sentence offered by Mr. Koperda as to each of the thirteen Patents-in-Suit, provided in the cited excerpts. Ex. 27, pp. 54, 69, 72, 87, 105, 113, 129, 145, 161, 176, 186, 193 and 207.

**NON-PRIOR ART REFERENCES ASSERTED BY FEDEX'S WITNESSES**

5.  The "Douglas Aircraft Paper" (TBC107-112), is an internal memo of McDonnell Douglas attached at Ex. 28.

---

[1] Exhibits to Harris' Statement of Undisputed Facts in Support of Validity and Enforceability are numbered sequentially with those attached to Harris' Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment of Infringement.

6. The Douglas Aircraft Paper included a footer that reads: "MCDONNELL DOUGLAS CORPORATION PROPRIETARY RIGHTS ARE INCLUDED IN THE INFORMATION DISCLOSED HEREIN.  RECIPIENT BY ACCEPTING THIS DOCUMENT AGREES THAT NEITHER THIS DOCUMENT NOR THE INFORMATION DISCLOSED HEREIN NOR ANY PART THEREOF SHALL BE REPRODUCED OR TRANSFERRED TO OTHER DOCUMENTS OR USED OR DISCLOSED TO OTHERS FOR MANUFACTURING OR FOR ANY OTHER PURPOSE EXCEPT AS SPECIFICALLY AUTHORIZED IN WRITING BY MCDONNELL DOUGLAS CORPORATION.  UNPUBLISHED-ALL RIGHTS RESERVED UNDER THE COPYRIGHT LAWS."  Ex. 28, pp. TBC109-112.

7. A letter addressed to the FAA enclosed the Douglas Aircraft Paper. TBC107; Deposition of Elmo Piper, taken on October 22, 2009, excerpts attached hereto as Ex. 29, p. 70, lns. 1-11.

8. The Douglas Aircraft Paper has been treated as confidential by both Boeing and McDonnell Douglas.  Ex. 28, TBC107; Ex. 29, p. 70, lns. 1-11.

9. The letter to the FAA stated: "Those portions of the enclosed data that are considered to be proprietary information of [McDonnell Douglas Corporation] are identified on the enclosures."  Ex. 28, TBC107.

10. The letter to the FAA also stated: "It is requested that upon completion of the FAA review, the enclosures be returned to MDC for retention in the repository at the Douglas Aircraft facility in Long Beach, California."  Ex. 28, TBC107.

11. The FAA complied with McDonnell Douglas' request and returned the Douglas Aircraft Paper.  Ex. 29, p. 69, lns. 7-25.

12. The "Technology Development Concept Paper" (TBC8-13), is attached hereto as Ex. 30.

13. Neither a creation date nor an author is on the face of the TDCP document. Ex. 30.

14. The "Digital Telemetry System for Real-Time Analysis of Airbus A320 Flight Test Results," referred to as the "Airbus Paper," is attached hereto as Exhibit 31.

15. The Airbus Paper is a paper relating to a telemetry system for the real time communication of data from flight testing. The Airbus reference also describes manual retrieval of magnetic tape after flight. See Declaration of Joseph C. McAlexander III, Ex. 32, ¶13.

16. There is no publication date on the face of the Airbus Paper. Ex. 31.

**EVIDENCE SUBSTANTIATING THE ENFORCEABILITY OF THE PATENTS**

17. The "Gatelink Documents" disclose, at most, a direct line-of-sight infrared or fiber optic cable link between aircraft and ground based equipment. Accordingly, the "Gatelink Documents" were merely cumulative of the '446 Patent cited in the Patents-in-Suit. McAlexander Declaration, Ex. 32, ¶8; Ex. 45, p. 30.

18. The presentation described in the ARINC FCM-69 reference included at Attachment 2 discloses, at most, the potential task of developing an aircraft to ground communications link using a spread spectrum radio link at some point in the future. McAlexander Declaration, Ex. 32, ¶9.

19. The FCM-69 presentation did not disclose any system being developed or in working form. Importantly, in my opinion, the ARINC FCM-69 does not provide the

detail required to enable one of ordinary skill in the art to develop an operable system without undue experimentation. McAlexander Declaration, Ex. 32, ¶10.

20. The L-1011 reference is a 1978 paper that describes flight data recording in a QAR tape recorder. Data in the QAR could be retrieved by manual means using removable storage media. McAlexander Declaration, Ex. 32, ¶11.

21. The L-1011 paper discloses concepts like those disclosed in the background of the '165 Patent, such as U.S. Patent No. 4,729,102, of recording flight data and retrieving the data by manual means. As such, the L-1011 reference was merely cumulative of references before the Examiners during the prosecution of the Patents-in-Suit. McAlexander Declaration, Ex. 32, ¶12.

22. Prior to the filing of the '165 Patent, Mr. Ziarno was generally aware of the ARINC 751 characteristic, an ARINC document discussing the concept of using a direct line-of-sight infrared ("IR") link or fiber optic cables to transfer data between an aircraft and an airport based terminal. Declaration of James Ziarno, Ex. 33, ¶2.

23. As an engineer and lay person, Mr. Ziarno did not view the reference as material to the invention because direct line-of-sight IR transmission is much different than the invention, which uses a wireless RF spread spectrum transmission of data. Ziarno Declaration, Ex. 33, ¶3.

24. Mr. Ziarno has no clear recollection of the ARINC 632 document prior to filing the '165 Patent, but he has since reviewed the ARINC 632 document. Ziarno Declaration, Ex. 33, ¶4.

25. Near the time of the invention of the '165 Patent, companies in the industry, such as Eldec Corporation, were focused on the IR link system, the very

5

technology described in ARINC 751 and ARINC 632 documents. Ziarno Declaration, Ex. 33, ¶5.

26. The background of the '165 Patent describes the use of the direct line-of-sight IR link and of a fiber optic cable as other types of systems considered for use by others in the industry, as well as citing to U.S. Patent No. 5,359,446, which, according to the face page of the '446 Patent, was assigned to Eldec Corporation, and further described the IR link. Ziarno Declaration, Ex. 33, ¶5; see also '165 Patent, Ex. 45 (1:60-2:6); "Assignee" of the '446 Patent, Ex. 34.

27. Mr. Ziarno never intentionally withheld any material document or information from the USPTO. See Ziarno Declaration, Ex. 33, ¶8.

### ART CITED IN THE PATENTS IN SUIT

28. The FCM-69 document was cited during the reexamination of the '165 and '045 Patents, as well as during the prosecution of the '412, '387 and '146 Patents. See References Cited, Dkt. 75-7, p.3; 75-7, p.3; 75-9, p.3; Ex. 35; Ex. 36.

29. The L-1011 document was cited during the reexamination of the '165 Patent, as well as during the prosecution of the '412, '387 and '146 Patents. See References Cited, Dkt. 75-7, p.3; 75-7, p.3; 75-9, p.3; Ex. 35.

30. The "Gatelink Documents" (ARINC 632 and 751) were considered during the prosecution of the '319, '545, '412, '387 and '146 Patents, as well as during the '045 and '165 Reexaminations. See References Cited, Dkt. 32-10, pp. 2-3; Dkt. 75-6, pp. 2-3; Dkt. 75-7, p.3; Dkt. 75-7, p.3; Dkt. 75-9, p.3; Ex. 35; Ex. 36.

**DOCUMENTS ATTACHED HERETO FOR THE COURT'S CONSIDERATION**

31. Attached hereto as Exhibit 35 and 36 are true and correct copies of the Reexamination certificates for the '165 and '045 Patents, respectively. Both of these face pages identify Examiner Charles Craver as the Primary Examiner.

32. Attached hereto as Exhibit 37 is a true and correct copy of the Notice Concerning Litigation Activity filed by Harris during the prosecution of the '165 Reexamination. As evidenced by the attached Electronic Acknowledgement Receipt, the Notice was filed on February 18, 2008.

33. Attached hereto as Exhibit 38 is a true and correct copy of the Office Action mailed on August 2, 1999, during the prosecution of the '523 Patent (Application No. 09/251,667). The primary examiner on the '523 Patent (and author of the August 2, 1999 Office Action) was Donnie L. Crosland, the same examiner for each of the Patents-in-Suit. Ex. 38, p. 8.

34. Attached hereto as Ex. 39 is a true and correct copy of the FedEx's February 13, 2009, Supplemental Responses to Plaintiff's First Interrogatories.

35. Attached hereto as Ex. 40 is a true and correct copy of excerpts from the deposition of Frank Koperda, taken on December 2, 2009.

36. Attached hereto as Ex. 41 is a true and correct copy of excerpts from the deposition of Dr. Helfrick, taken on March 2, 2009.

37. Attached hereto as Ex. 42 is a true and correct copy of the Request for *Ex Parte* Reexamination of the '165 Patent Transmittal Form and Table of Contents, which summarizes each combination of references suggested to the PTO in the Request for Reexamination.

38. Attached hereto as Ex. 43 are sections 2236 and 2271.01 of the Manual of Patent Examination and Procedure ("MPEP"), Eight Edition, August 2006 Revision, which is the MPEP in effect at the time when the Request for Reexamination of the '165 Patent was filed.

39. Attached hereto as Ex. 44 is a true and correct copy of the FedEx's March 31, 2009, Supplemental Responses to Plaintiff's First Interrogatories.

40. Attached hereto as Ex. 45 is a true and correct copy of the '165 Patent.

41. On November 5, 2003, Harris filed a Request for *Ex Parte* Reexamination of the '045 Patent. A true and correct copy of the Attachment to Request for *Ex Parte* Reexamination is attached hereto as Exhibit 46.

Respectfully submitted this Monday, February 01, 2010.

>s/Brian R. Gilchrist
>Brian R. Gilchrist
>Florida Bar No. 774065
>bgilchrist@addmg.com
>Ryan T. Santurri
>Florida Bar No. 0015698
>rsanturri@addmg.com
>Allen, Dyer, Doppelt, Milbrath
>  & Gilchrist, P.A.
>255 South Orange Avenue, Suite 1401
>Orlando, Florida  32802-3791
>Telephone:    407-841-2330
>Facsimile:    407-841-2343
>Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

J. Scott Anderson, Esquire
andersonsj@ballardspahr.com
Charley F. Brown, Esquire
browncf@ballardspahr.com
Robin L. Gentry, Esquire
gentryrl@ballardspahr.com
Lawrence K. Nodine, Esquire
nodinelk@ballardspahr.com
Jeffrey H. Brickman, Esquire
brickmanj@ballardspahr.com
Sumner C. Rosenberg, Esquire
rosenbergsc@ballardspahr.com
**BALLARD, SPAHR, LLP**
999 Peachtree Street, Suite 1000
Atlanta, GA  30309

Marilyn G. Moran, Esquire
mmoran@bakerlaw.com
**BAKER & HOSTETLER, LLP**
200 South Orange Avenue, #2300
Post Office Box 112
Orlando, FL  32802-0112

Local Counsel for
Federal Express Corporation

        s/Brian R. Gilchrist
        Brian R. Gilchrist, Esq.